(79 Misc. Rep. 176.)

### In re LONG ISLAND LOAN & TRUST CO.

(Surrogate's Court, Kings County. January, 1913.)

TRUSTS (§ 330*)—ANNUAL ACCOUNTING—COSTS—LIABILITY.

In an annual accounting of a trustee, the costs and expenses should be borne by the income, unless they have been incurred in the administration, preservation, or increase of the principal.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 491–493; Dec. Dig. § 330.*]

In the matter of the judicial settlement of the account of the Long Island Loan & Trust Company, as trustee, under a trust for the benefit of Lillie G. Sloan, created by the last will and testament of Stephen Garretson, deceased. Decree directed.

George S. Ingraham, of Brooklyn, for accounting trustee.

Charles D. Ridgway, of New York City, special guardian for infant remaindermen.

KETCHAM, S. In an annual accounting of a trustee the costs and expenses should be borne by the income, unless they have been incurred in the administration, preservation, or increase of the principal. The cases of Chisolm v. Hammersley, 114 App. Div. 565, 100 N. Y. Supp. 38, and Robertson v. De Brulatour, 188 N. Y. 301, 80 N. E. 938, contain nothing to the contrary.

The first case arose under a deed of trust. There was, therefore, no need of an annual accounting, and no danger that the principal might be seriously impaired by the costs of many successive accountings. The action was brought for the final adjustment of the trust both as to income and principal, and the only question litigated was whether the entire fund was large enough to justify full commissions to each trustee. The burden of the inquiry almost wholly concerned the principal fund.

In the other case the conflict was between the life tenant and the remainderman under a testamentary trust as to whether certain accretions of stock left by the testator belonged to the life tenant or the remainderman, and each party to the controversy prevailed in part. Both appealed, and it was apparently only the costs of such appeal which the court considered. The direction that each party to the appeal should have costs thereof, and that the same should be assessed upon the capital, "in order that the burden might be equitably borne," affords no guide for the present purpose.

Let the expenses of making the account and the costs to be awarded be paid from the income.

Decreed accordingly.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes