## In the Matter of the Estate of ELLEN H. COTHEAL, Deceased.

Surrogate's Court, New York County, November, 1923.

**Wills — construction — when " issue " means children and does not include grandchildren**

A will directed that upon the death of the life beneficiary of a trust fund the principal should be equally divided among her issue, the issue of any deceased child to take the share their parent would have taken if living. The life beneficiary adopted her granddaughter. At the death of the life beneficiary she left her surviving three daughters and two granddaughters besides the one whom she had adopted. *Held,* that the word " issue " as used in the will referred to the children of the life beneficiary to the exclusion of their children, and did not embrace the adopted child.

PROCEEDING by trustees to account and for construction of a will.

*Joseph P. McDonough,* special guardian.

*Davies, Auerbach & Cornell,* for objectant.

*George F. Warren, Jr.,* for accounting trustee.

*Thompson, Koss & Warren,* for petitioner.

O'BRIEN, S.   In this trustees' accounting a question of the proper construction of the word " issue " as used in the gift of the remainder after the death of the life beneficiary is presented for decision.

The will, so far as material to the determination of this question, creates a trust for the life of Ellen L. Nisbett.   Upon her death it is directed that " the principal of the fund so held in trust for her shall be divided equally among her issue, share and share alike, the issue of any deceased child to take the share their parent would have been entitled to if living."

The life beneficiary and her husband, James R. L. Nisbett, adopted Phyllis Langford Mitchell.   Phyllis was the granddaughter of Ellen L. Nisbett, the life beneficiary, and the daughter of Elsie Nisbett Mitchell, now Elsie Nisbett Hoyt.   The life beneficiary died August 22, 1922, leaving her surviving three daughters, Elsie Nisbett Hoyt, Anita Nisbett Harding and Jeannette N. Nisbett, and three grandchildren, Phyllis, whom she had adopted, and two children of Mrs. Harding.

The first question presented is whether the word " issue " as used in this will embraces the *adopted* child Phyllis.   I am of the

opinion that it does not include her. *Matter. of Leask,* 197 N. Y. 193; *Matter of Hoyt,* 120 Misc. Rep. 188. The word " issue " as used in the will means offspring and natural descendants. As Phyllis, besides being an adopted child, is also a natural descendant, being a grandchild, the further question is presented, should the remainder interest be divided among all the descendants *per capita,* which would include the grandchild Phyllis, or is it to be divided into three parts, representing the number of children who survived the life beneficiary.

The word " issue " primarily includes all descendants and its use contemplates a *per capita* distribution; but where such a construction violates the obvious intention of the testator or results in an inequality of distribution exception to this rule is made. *Matter of Farmers' Loan & Trust Company,* 213 N. Y. 168; *Matter of Durant,* 231 id. 41. Equality of distribution is the dominant factor in the testatrix's mind and the *per capita* distribution must give way to one *per stirpes.* Cases cited *supra; Matter of Lawrence,* 111 Misc. Rep. 524. In the present will the testatrix divides the remainder after the death of the life beneficiary " equally among her issue, share and share alike," and the word " issue " as used in this sentence must mean " children," for it is immediately followed by a provision that if any of them be dead, referring to issue, " the issue of any deceased *child* to take the share their parent would have been entitled to if living."

A great inequality of distribution would result in permitting Phyllis, a grandchild, to take a distributive share with the three children of the life beneficiary, one of whom is Phyllis' mother. It would cut down the shares of the three natural daughters of Mrs. Nisbett to fourths instead of thirds, and a grandchild would obtain a substantial share at the expense of her natural mother and the latter's two sisters. This would violate the specific language of the will, which provides that a grandchild is to take only in the event that its parent be dead.

I, therefore, hold that the word " issue " as used in this will refers to children of the life beneficiary, to the exclusion of their children. *Matter of Lawrence, supra.* The decree settling the account should provide for a distribution of this remainder interest in accordance with this decision.

Counsel fees and other expenses of this intermediate accounting should be paid out of income. *Matter of Long Island Loan & Trust Co.,* 79 Misc. Rep. 176; *Matter of Brownell,* 60 id. 52.

Proceed accordingly.

Decreed accordingly.