In the Matter of the Estate of MARGARET CUDDEBACK, Deceased.

Surrogate's Court, Orange County, June 18, 1940.

*Cuddeback & Cuddeback*, for the National Bank and Trust Company of Port Jervis, as trustee, filing no brief.

*Wilmot Decker*, for Cornelius W. Cuddeback.

*Clyde F. Stratton*, for Martha Bell.

TAYLOR, S.   This trust fund is now ready for final distribution and the trustee asks for a construction of the following paragraph of clause "Third" of the decedent's will: "Whatever part of said fund may, at the death of said George Cuddeback, be remaining, upon that event, I give to his children if he leaves any.   Should he die childless, I give and bequeath such residue in equal shares to my children, Henry and Martha, if living, or to their issue if then dead in equal shares *per stirpes*."

Margaret Cuddeback, whose will is brought in question, died prior to March 16, 1898.   George Cuddeback, the trust beneficiary, died December 8, 1939, leaving no children him surviving.   Henry

Cuddeback, to whom one-half of the trust corpus was bequeathed in the event George Cuddeback died childless, died January 28, 1931, leaving him surviving no issue and no descendants, except that he left him surviving an adopted son, Cornelius W. Cuddeback. Although in the opinion of the surrogate the date of adoption in this particular case is immaterial, it may be mentioned in passing, however, that Cornelius W. Cuddeback was adopted on May 18, 1899. Martha Cuddeback, a daughter of the decedent, married and became Martha Bell and is a party to this proceeding.

There has been much discussion as to the rights of adopted children and even though here again these rules in the opinion of the surrogate, while helpful, are not controlling, the general rule may be stated to be that an adopted child inherits from but not through his foster parents. (*Matter of Brenner*, 149 Misc. 412; *Matter of Hall*, 234 App. Div. 151; affd., 259 N. Y. 637.)

The rule just set out is undoubtedly to be applied in cases of intestacy, but here is involved no such problem, but rather the interpretation to be given to this will, the determination of what the testatrix meant when she provided that the corpus of this trust should be divided between her children, Henry and Martha, if living, " or to their issue if then dead." (*Morton* v. *American Security & Trust Co.* 251 App. Div. 31; affd., 276 N. Y. 475; *Dodin* v. *Dodin*, 16 App. Div. 42; affd., 162 N. Y. 635; *New York Life Insurance & Trust Co.* v. *Viele*, 161 id. 11; *Tillman* v. *Davis*, 95 id. 17; *Matter of Walter*, 270 id. 201; *Matter of Marsh*, 143 Misc. 609; *Matter of Levy*, 138 id. 670.)

Does " issue " in this will comprehend an adopted child?

According to the dictionary " issue " has been defined as " progeny; a child or children; offspring. In law, sometimes, all persons descended from a common ancestor." (Webster's International Dict. [2d ed.].)

" Issue " was defined in *Matter of Cotheal* (121 Misc. 665) to mean " offspring and natural descendants," and the case held that an adopted child was not comprehended within the devise of a trust principal, after the falling in of a life estate, to the issue of the life beneficiary.

" ' Issue ' is a legal term, not common in ordinary conversation, and its use is persuasive of the thought that the aim of testatrix was to limit her bounty to those in whose veins the same blood as her own coursed." (*Matter of Gurlitz*, 134 Misc. 160, 164.)

There is no such person as " issue " by adoption. (See *Matter of Conant*, 144 Misc. 743.)

Authorities might be cited holding that it was the testator's intention that a gift to " issue " should be confined to children, while other cases might spell out an intention that the word should

include descendants to a greater degree. Adopted children inherit from their foster parents by virtue of statute and not because they are descendants of their foster parents, for, obviously, they are not; one can be " issue " or descendant of but one set of parents.

We are to distinguish those cases which hold that adopted children are heirs at law or next of kin (or, latterly, distributees) of their foster parents because those classes of persons are determined by statute and not necessarily by blood relationship.

So, too, are we to distinguish cases from other jurisdictions, such as *Matter of Holden* (207 Minn. 211; 291 N. W. 104), because in other jurisdictions adoption statutes may be different from our own? For instance, the Minnesota statute (Minn. Stat. [Mason, 1927] § 8630) provides that " By virtue of such adoption, he shall inherit from his adopting parents *or their relatives* the same as though he were the legitimate child of such parents." (Italics supplied.) (See editorial N. Y. L. J., June 6, 1940, p. 2566.)

In cases of this nature it is a fair assumption that a testator intended to prefer blood relatives to strangers to him. (*Matter of Gurlitz, supra.*)

The quoted clause of the will very explicitly states that the remainder is to vest " in equal shares " in the two named children, if living at the life tenant's death, and, therefore, Martha Bell is now vested with a one-half interest, there being intestacy as to the other half.

As to the one-half of which testatrix died intestate, the further question is as to the time at which her distributees is to be determined.

In reaching a decision upon this point, there should be borne in mind the oft-cited rule that in the interpretation of wills, the testator's intention is to govern. (*Salter* v. *Drowne*, 205 N. Y. 204.)

It is clear that by clause " Third " testatrix did not intend a vesting until the death of George Cuddeback, for if both Henry and Martha survived him, they shared equally and if both predeceased him, both leaving issue, then the issue of both became the remaindermen. The ultimate remaindermen might be members of a class, the identity of the individuals composing that class being reserved until the time of possession. It was the testatrix's intention that the identity of her distributees, in the event there should be partial intestacy, should be determined as of the date of death of George Cuddeback, the life tenant. (*Salter* v. *Browne, supra; Matter of Fishel,* 167 Misc. 145; affd., 256 App. Div. 915.)

This must exclude the adopted child of Henry Cuddeback for the reasons hereinbefore stated.

Decree judicially allowing and settling the account as filed and construing the will as hereinabove indicated may be settled on five days' notice or by consent.