In the Matter of the Accounting of CENTRAL NATIONAL BANK OF YONKERS, as Substituted and Successor Trustee under the Will of STELLA A. EAGAN, Deceased.

Surrogate's Court, Westchester County, October 20, 1953.

*Arbuckle, Miles & Fitzgerald* for substituted and successor trustee, petitioner.

*Choate, Mitchell & Ely* for Sherwood J. Andrus and another, respondents.

GRIFFITHS, S. The court determines that Marion Andrus Nichols, referred to by a daughter of testatrix as her " foster child " is not entitled to share in the remainder bequeathed to the " lawful issue " of such daughter of testatrix. It is undisputed that although a proceeding for adoption was instituted in 1918, the proposed order approving the adoption was not signed. Moreover, in a prior proceeding involving the lawfully adopted daughter of a son of testatrix, this court held that under another clause of the same will, identical in form with that requested to be construed herein, the term " lawful issue " of such son did not include such adopted child. (See *Matter of Eagan,* 110 N. Y. S. 2d 438.)

Nor is the adopted daughter of a son of testatrix entitled to share under the alternate provision whereby upon the death of such designated daughter without leaving lawful issue her surviving such remainder was given by testatrix " to such of my children as shall survive her and the issue of any of my deceased children, per stirpes and not per capita ". In the absence of a contrary intention the word " issue " is interpreted in its primary sense as referring to descendants and not to children by adoption. (*New York Life Ins. & Trust Co.* v. *Viele,* 161 N. Y. 11.) There is no evidence of intention that the term " issue " was here employed in any other sense. In *Matter of Upjohn* (304 N. Y. 366) the court construed the word " issue " to include a child known by the testator to have been adopted by his niece prior to the execution of the will. Here the adoption occurred not only subsequent to the date of the will but after the death of testatrix.

The will is construed accordingly and the remainder is determined to be distributable per stirpes equally among the lineal issue of testatrix surviving at the death of Estelle A. Nichols.

Settle decree accordingly.