In the Matter of the Accounting of John J. Baur et al., as Trustees under the Will of Frank G. Baur, Deceased.

Surrogate's Court, Suffolk County, March 30, 1954.

*Ernest G. Wruck* for trustees.

*Alexander W. Kramer,* special guardian for Karen A. Baur, an infant.

*William M. Burcher,* special guardian for Linda I. Baur, an infant.

HAZLETON, S. By paragraph Fourth of the will of deceased, probated in 1934, he left the residue of his estate in trust with instructions to his trustees to pay his son, Robert C. Baur, $50 weekly from the income of the trust, the balance of the income to be paid to his, the testator's wife, Ida A. Baur, during her lifetime. Upon the death of Ida Baur, the trustees were directed to pay one half of the corpus of the trust to Robert if he had attained the age of thirty-five, but if he had not attained the age of thirty-five, they were to retain the corpus until he attained the age of thirty-five, paying the income to him monthly · in the meantime. The remaining one half of the corpus, the trustees were directed to withhold from Robert until he had attained the age of fifty-five. The testator further directed that, should his son Robert predecease his mother, leaving him " issue " surviving, such issue should be entitled to receive income and principal in the same manner as their father Robert.

Robert Baur died on June 28, 1952. He is survived by his mother Ida Baur and two children, Ann, an adopted daughter, and Linda, a natural issue. Neither child was living at the time of the death of the testator.

A question is now presented on this accounting as to the rights of these children of Robert Baur under paragraph Fourth of the will of Frank Baur. The validity of the trust and the rights of the adopted child are questioned.

To be valid, this trust must satisfy the New York rule against the suspension of the power of alienation. (Personal Property Law, § 11.) It is well settled law in New York that the duration of a trust may not lawfully be measured by the life · or lives of persons not in being at the death of the testator.

(*Seitz* v. *Faversham,* 205 N. Y. 197.) As hereinabove stated, neither the adopted nor natural child of Robert Baur was alive when the testator departed this life. Consequently, insofar as this trust estate was intended to continue beyond the lives of Ida and Robert Baur, two lives in being at the time of the testator's death, it is invalid.

The primary trust for the life of Ida Baur may be upheld even though the secondary trust during the lives of persons not in being at the death of the testator is invalid. (*Matter of Mount,* 185 N. Y. 162; *Looram* v. *Looram,* 269 N. Y. 296; *Matter of Trischett,* 184 Misc. 599, affd. 270 App. Div. 767; *Matter of Trenor,* 119 N. Y. S. 2d 559.)

This court therefore holds that the primary trust for the life of Ida Baur is valid, but that the secondary trust for the lives of the issue of Robert Baur is invalid and that the invalid trust may be severed from the primary trust. Upon the death of Ida Baur, the trust must terminate and the entire corpus must be paid to the issue of Robert Baur. The intention of the testator is thus carried out as best it can be under the existing law.

The next question concerns the right of the adopted child of Robert Baur to income and principal under this testamentary trust. The will provides that the " issue " of Robert Baur shall take as remaindermen.

The rule in New York is that the word " issue " primarily signifies lineal descendants by blood and unless the context of the will indicates otherwise, it does not include adopted children. (*New York Life Ins. & Trust Co.* v. *Viele,* 161 N. Y. 11; *Trowbridge* v. *Trowbridge,* 182 Misc. 191, affd. 269 App. Div. 826; *Matter of Hoyt,* 120 Misc. 188; *Matter of Cuddeback,* 174 Misc. 322; *Matter of Cotheal,* 121 Misc. 665; *Matter of Dudley,* 168 Misc. 695, Restatement, Property, § 265, comment d; § 287.)

Judge FULD summarized the New York rule pertaining to the rights of adopted children in the recent case of *Matter of Upjohn* (304 N. Y. 366, 375) as follows: " The rule in this state, declared in *New York Life Ins. & Trust Co.* v. *Viele* (161 N. Y. 11, 20) is that the limitation will be construed to designate only those related to the named ancestor by blood if ' there is nothing to the contrary to be found in the context of the instrument or in extraneous facts proper to be considered '. In other words, in the absence of any indication of the testator's intent, it will be assumed that the testator did not envisage adopted children taking under the limitation. That, though, is a rule of construction and nothing more. Where the testator's design to include

an adopted child is clear, the limitation will be construed to effectuate that intention.''

Judge FULD thought it significant that the testator Upjohn, had knowledge of the adoption prior to his death and had approved of it. Where the adoption takes place after the testator's death, there arises the possibility of fraud so as to defeat the rights of remaindermen named in the will. In the instant case, the adoption took place after the death of the testator. This court can find nothing in the will or in the circumstances existing at the time of the testator's death which would permit giving the term '' issue '' a more extensive meaning or which indicates an intent to include adopted children and accordingly holds that the adopted child of Robert Baur is not entitled to an interest in the income or principal of the trust.

Submit decree accordingly on notice.