In the Matter of the Accounting of CITY BANK FARMERS TRUST COMPANY, as Trustee under the Will of CHARLES HOLT, Deceased.

Surrogate's Court, New York County, July 20, 1954.

*Chauncey L. Grant* for trustee, petitioner.

*McKenzie, Hyde, Willson, French & Poor* for Stuyvesant Le R. French and others, as executors of Elliot Hall, deceased, respondents.

*George M. Mulligan,* special guardian for Cornelia Holt and another, infants, respondents.

*Samuel Lax,* special guardian for Robert H. Holt, an infant, respondent.

Collins, S. In this proceeding to settle petitioner's account as trustee of a trust created under article Fifth of the will a construction is prayed for. Testator died in 1927 and under said article of his will, executed the previous year, gave his residuary estate to the trustee in trust to pay the net income to his widow for life, at her death to pay three monetary bequests from principal, and then provided: " to divide the balance of said principal into as many equal shares as shall be required for the purpose, and to hold one such share in trust for each of the following who shall survive my wife, namely: my nieces and nephews Edith H. Bloodgood, of Baltimore, Maryland, and Winifred Holt Mather, Roland Holt, Henry Holt, Jr., Elliot Holt and Sylvia Holt, of New York City, during the life of the beneficiary for whom such trust is hereby created, to invest and keep invested the principal of said trust, collect and receive the income therefrom and after paying from said income administrative expenses and taxes as aforesaid relating to said trust to pay the balance of said income to said beneficiary quarterly during and throughout the life of said beneficiary, and at the death of said beneficiary to pay over and distribute the principal of said trust to and among her or his surviving issue in equal shares, *per stirpes* and not *per capita,* and if there be no such issue then to and among the other nieces and nephews above named in equal shares, the surviving issue of any one of them then deceased to take the share of such deceased niece or nephew in equal shares, *per stirpes* and not *per capita.*"

His wife survived testator and upon her subsequent death in 1930 the trustee set up separate trusts for each secondary life beneficiary above named, including Elliot Holt whose trust is accounted for herein. An intermediate accounting of said trusts was settled by decree dated April 12, 1938. Elliot Holt died September 28, 1952, terminating the trust. He left surviving four children: Margaret Holt Walsh, an adult daughter; Cornelia Holt, an infant daughter and Elliot Holt, II, an afterborn son, all natural children, and Robert Hill Holt, an infant son adopted by him in Vermont in 1949.

Question arises as to distribution of the remainder, viz.: whether under the provisions of the will the adopted child shares therein, or whether only the natural children are entitled thereto, to the exclusion of the adopted child. The special guardian on his behalf, stressing the present liberal attitude of the courts respecting the rights of adopted children, urges that he so shares. The trustee and the special guardian for the natural children contend to the contrary.

Although the adoption took place in Vermont, the will must be construed under the law of New York (*Matter of Leask,* 197 N. Y. 193; *New York Life Ins. & Trust Co.* v. *Viele,* 161 N. Y. 11). The remainder is clearly contingent as a gift to a class determinable upon the death of the life beneficiary (*Matter of Bierhoff,* 271 App. Div. 743, affd. 297 N. Y. 694; *United States Trust Co.* v. *Peters,* 180 App. Div. 186, affd. 224 N. Y. 626; *Matter of Gurlitz,* 134 Misc. 160; *Matter of Burdsall,* 128 Misc. 582, affd. 221 App. Div. 756; *Matter of Einstein,* 113 Misc. 105).

In *Matter of Myres* (205 Misc. 880), this court upheld the rights of a child who was adopted by testatrix' son prior to the death of testatrix and to execution of her will, holding in reliance upon *Matter of Upjohn* (304 N. Y. 366) that had she not intended to include said child as a remainderman she could have so indicated in her will. In the latter case the Court of Appeals held that the provisions of section 115 of the Domestic Relations Law providing: " As respects the passing and limitation over of real or personal property dependent under the provisions of any instrument on the foster parent dying without heirs, the foster child is not deemed the child of the foster parent so as to defeat the rights of remaindermen " were not contravened since the existence of the adopted child therein was known to testator and he, therefore, must have intended his inclusion among the issue of a deceased life beneficiary, not having provided otherwise. However, the decision referred with approval to the prior rulings of that court in *Matter of Leask* (197 N. Y. 193, *supra*) and *New York Life Ins. & Trust Co.* v. *Viele* (161 N. Y. 11, *supra*) to the effect that a testator in limiting remainders to issue will be deemed to have intended relatives of the blood unless the will states to the contrary. In those cases the holdings were against the adopted child.

In the instant case there can be no possible basis for imputing to testator an intention to include the child who was adopted by his nephew over twenty years after testator's death and execution of the will.

Recent decisions of Surrogate HAZLETON in *Matter of Baur* (205 Misc. 551) and of Surrogate GRIFFITHS in *Matter of Eagan* (110 N. Y. S. 2d 438), *Matter of Eagan* (204 Misc. 856) and *Matter of Hall* (N. Y. L. J., Jan. 11, 1954, p. 13, col. 6) mostly all cases decided since *Matter of Upjohn* (*supra*) where remainders over and the rights of adopted children were involved and where in each instance the adoption took place after testator's death, all held that the adopted child did not share. In

the second *Eagan* decision (204 Misc. 856, *supra*) the court stated at page 857: "In the absence of a contrary intention the word 'issue' is interpreted in its primary sense as referring to descendants and not to children by adoption. * * * There is no evidence of intention that the term 'issue' was here employed in any other sense. * * * Here the adoption occurred not only subsequent to the date of the will but after the death of testatrix."

The court holds that the remainder of the trust accounted for herein is distributable in equal shares to the three natural children of Elliot Holt, the deceased secondary life beneficiary, to the exclusion of the adopted child.

Submit decree on notice construing the will and settling the account accordingly.