Owen McGivern, J.
This is an application for an order judicially settling and allowing the petitioner’s final account of proceedings, and for other and further relief. The infant *1027 respondent has, by her special guardian, asserted that she is entitled to share in the proceeds of the trust.
By deed of gift and agreement, dated May 12, 1920, Edgar F. Price, the grantor, created several trust funds, “ Trust Fund A ’ ’ being involved in this proceeding. The income therefrom was payable to the grantor’s wife, Ida Owen Price, for her life and in the event she predeceased her son Edgar Kenan Price, then from and after her death the net income to said Edgar Kenan Price during his life; upon the death of the survivor of Ida Owen Price and Edgar Kenan Price, the principal was to be distributed to such lawful issue and in such respective amount or proportion as said Edgar Kenan Price might by his last will and testament appoint; and further, in the event of the default or failure of Edgar Kenan Price validly to exercise such power of appointment, in respect of all or any part of trust fund A, then such part or all of trust fund A not so disposed of by such appointment, shall be transferred by the trustee to the lawful issue of Edgar Kenan Price living at the time of the death of such survivor, share and share alike per stirpes; in the event Edgar Kenan Price shall leave no lawful issue of him living at the time of the death of such survivor, then the trustee shall deliver trust fund A to the lawful issue of the grantor living at the time of the death of such survivor, or if no lawful issue, then to various named beneficiaries.
Edgar Kenan Price was married in 1928 to one Marian Bawker Price; of this marriage there was one issue, respondent, John Kenan Price.
The other son of the grantor, James Owen Price, is deceased. The third child of the grantor is unmarried.
In 1935, the grantor died. His widow, Ida Owen Price, received the income from trust fund A until her death on March 1, 1946. Thereafter, the secondary life tenant received the income from trust fund A until he died on December 24, 1955, testate, a resident of Los Angeles County, California.
In 1942, or about seven years after the death of the grantor, the grantor’s son, Edgar Kenan Price and his then wife adopted Sarah Carolyn Price, the infant respondent in this proceeding. The will of Edgar Kenan Price was duly admitted to probate in the Superior Court of Los Angeles. Article VI of said will provided as follows: “ I give, devise and bequeath all the rest, residue and remainder of my estate, real and personal, wheresoever situated, including property over which I have a testamentary power of appointment, if any, to my son, John Kenan Price, and to Security-First National Bank of Los Angeles, a national banking association, and the survivor of them, In Trust *1028 (hereinafter for convenience referred to as my Residuary Trust Estate) to be managed invested and distributed upon the following terms and conditions ”. The clause continues and provides for payment to the testator’s divorced wife and for other income payments.
The court is asked to determine the following questions :
(1) Did the surviving life tenant of trust fund A, Edgar Kenan Price, fail validly to exercise the power of appointment given to him by the deed of gift and agreement?
(2) If the answer to the foregoing is affirmative, did said Edgar Price leave him surviving any lawful issue of him and if so whom?
The special guardian maintains that Edgar Kenan Price did in fact exercise such power of appointment; that the purpose and intent of Edward Kenan Price was to effect an equal distribution of his entire estate, including all property over which he held a power of appointment, and that in fairness and equity, his intent should be carried out without regard to whether the mode of the exercise of said power of appointment was authorized under his will.
He concedes in point III of his memorandum of law that Edgar Kenan Price had no right to appoint the proceeds of trust fund A in further trust, and correctly asserts that his will must be read and construed according to the laws of New York, and since the power of alienation has already been suspended for two lives in being, it could not be further suspended for a third life. But he argues that Edgar Kenan Price did exercise his power to appoint, even though the mode or manner of such exercise was not in accord with New York law. In this assertion the guardian’s contention must be overruled. The trust agreement grants a power of appointment, and in the event of the default or failure to validly exercise such power of appointment, makes further provision for distribution of the principal. Even if the word “ validly ” were not present in the trust agreement, it would be construed that the power of appointment had to be validly exercised. It is well settled that the power must be exercised in the manner, and within the limitations prescribed by the instrument which created the power (Central Trust Co. v. Dewey, 223 N. Y. 726; Matter of Kennedy, 279 N. Y. 255).
Sections 11 and 18 of the Personal Property Law require that absolute ownership shall not be suspended for any longer period than two lives in being. (Cf. Low v. Bankers Trust Co., 270 N. Y. 143; Matter of Bearns, 23 N. Y. S. 2d 1006, affd. 258 App. Div. 954, affd. 284 N. Y. 658.)
*1029 Accordingly, the court holds that Edgar Kenan Price did not validly exercise the power of appointment, and by the terms of the trust the principal must be distributed to his ‘ ‘ lawful issue
The next question to be determined is whether the infant herein, an adopted child of Edgar Kenan Price, may share in the trust principal.
Section 115 of the Domestic Relations Law provides in part: “ As respects the passing and limitation over of real or personal property dependent under the provisions of any instrument on the foster parent dying without heirs, the foster child is not deemed the child of the foster parent so as to defeat the rights of remaindermen.’’ (Cf. Matter of Walter, 270 N. Y. 201; Matter of Horn, 256 N. Y. 294.)
Primarily, the word “issue” means lineal descendants by blood. Unless the context of the trust instrument indicates otherwise, the word ‘ ‘ issue ’ ’ does not include adopted children (Matter of Baur, 205 Misc. 551; Matter of Holt, 206 Misc. 789; Matter of Eagan, 110 N. Y. S. 2d 438).
Matter of Upjohn (304 N. Y. 366) cited by the guardian, is not in conflict with the above decisions. In the Upjohn case Judge Fuld said (p. 375): “ The rule in this state, declared in New York Life Ins. & Trust Co. v. Viele (161 N. Y. 11, 20), is that the limitation will be construed to designate only those related to the named ancestor by blood if ‘ there is nothing to the contrary to be found in the context of the instrument or in extraneous facts proper to be considered ’. In other words, in the absence of any indication of the testator’s intent, it will be assumed that the testator did not envisage adopted children taking under the limitation. That, though, is a rule of construction and nothing more. Where the testator’s design to include an adopted child is clear, the limitation will be construed to effectuate that intention. In our view, the present is such a ease ”.
Then follow the facts in the Upjohn case, but they do not constitute a like situation herein. When the testator drew his will he had full knowledge of the adoption which had taken place 11 years earlier. The testator’s niece was over 40 years of age and had had no children in 20 years of marriage, and it was apparent that in all probability the adopted child would be the only descendent of his niece. The testator’s relationship with the adopted child and her foster parents was very close. They were on intimate terms. The proof showed many instances of great affection and generosity by the testator toward his niece’s adopted daughter, and the adoption was kept secret for about *1030 33 years. Hence, the court in the Upjohn case correctly concluded (p. 377) “ that the only reasonable inference to be deduced from the record is that the testator, in making his will, considered Alice Elizabeth to be his niece’s ‘ issue ’ and ‘ descendant,’ and intended that she be substituted as beneficiary of the Childs trust on her foster mother’s death.”
However, in the situation here involved, the grantor never knew of the adoption of any child, since he drew the agreement 22 years before the adoption, which took place 7 years after his death.
In addition, three affidavits are submitted to show testator’s intention to exclude adopted children, and to provide only for his own bloodline.
Accordingly, the court finds that the entire principal of trust fund A is presently payable solely to John Kenan Price, as the only lawful issue of Edgar Kenan Price.
The motion to settle the account is in all respects granted. Settle order.