Samuel Faile, S.
In this trustee’s accounting proceeding a construction is sought to determine the validity and effect of an attempted exercise of a power of appointment by the donee of a power in trust. The testator died a resident of Westchester County on April 15,1935, and his will and a codicil, respectively dated October 31, 1928 and September 27, 1934, were duly admitted to probate on April 29, 1935, and letters of trusteeship thereon were granted to the petitioner on October 24, 1935.
Under article ‘1 sixth ’ ’ of his will, the testator directed that his residuary estate be divided into six equal parts, and one of such parts was designated by him as “ Trust Fund A Pursuant to the terms of the will, the income from ‘1 Trust Fund A ’ ’ was paid to testator’s wife and upon her death, to his son, Edgar Kenan Price. Under subdivision “a” of article “ eighth ”, the testator provided that upon the death of his son, the principal of “ Trust Fund A” was to be distributed “ to such of said lawful issue, and in such respective amount or amounts, or proportion or proportions, as said Edgar Kenan Price may, by his last will and testament, appoint”. The testator further provided that ‘1 in the event of the default or failure of Edgar Kenan Price validly to exercise such power of appointment in respect of all or any part of Trust Fund A, then such part or all (as the case may be) of Trust Fund A not so disposed of by such appointment, shall be distributed, transferred and delivered, absolutely, by my trustee to the lawful issue of said Edgar Kenan Price, living at the time of the death of such survivor, share and share alike, per stirpes and not per capita ”.
Edgar Kenan Price died on December 24, 1955, a resident of California, and his will dated April 6, 1954 was duly admitted *1025 to probate by the Superior Court of Los Angeles on January 27, 1956. Under article “ sixth ” of his will, Edgar Kenan Price expressly provided'that property over which he had a testamentary power of appointment be included in his residuary estate to be held in trust and that the income therefrom be paid to his divorced wife to the extent necessary to discharge the obligations of a separation agreement, with the remaining income payable to his adopted child. The residuary trust is measured by the life of the survivor of decedent’s divorced wife and his issue.
In considering the question of whether or not Edgar Kenan Price validly exercised the power of appointment, the court will be governed by the law of the domicile of the donor and the wills of the donor and the donee will be read together as part of the same instrument. (Bishop v. Bishop, 257 N. Y. 40; Matter of Harbeck, 161 N. Y. 211; Matter of Walbridge, 178 Misc. 32.) The attempted exercise of the power of appointment by Edgar Kenan Price under article 11 sixth ’ ’ of his will is clearly invalid in that it attempts to unlawfully suspend the absolute power of alienation for three lives, and therefore violates the rule against perpetuities. (Personal Property Law, § 11; Beal Property Law, § 42.)
Accordingly, the court holds that the attempted exercise of the power of appointment under the will of the donee is invalid and, therefore, under the provisions of the will of the donor the trust principal is distributable to the “ lawful issue of said Edgar Kenan Price, living at the time ” of his death.
Edgar Kenan Price was survived by a natural child and an adopted child and the question to be determined is whether or not such adopted child is entitled to share in the distribution of the principal of “ Trust Fund A ” as a “ lawful issue ” of Edgar Kenan Price. It is well established that the word “issue” means lineal descendants and unless the context of the will indicates otherwise, the word ‘ ' issue ’ ’ does not extend to adopted children. (New York Life Ins. & Trust Co. v. Viele, 161 N. Y. 11; Matter of Baur, 205 Misc. 551; Matter of Holt, 206 Misc. 789; Matter of Eagan, 110 N. Y. S. 2d 438.) There is no indication that the testator used the term “ issue ” in other than the ordinary sense and it is impossible to impute to the testator any intention to benefit the adopted child in view of the fact that he died many years prior to the adoption and, therefore, the instant case is distinguishable from Matter of Upjohn (304 N. Y. 366). Accordingly, the court determines that the entire principal of ‘ ‘ Trust Fund A ” is distributable in accordance with the provisions of subdivision “ a ” of paragraph “ eighth ” of *1026 testator’s will to John Kenan Price as the only lawful issue of Edgar Kenan Price.
A similar conclusion was reached by Mr. Justice McG-ivern (4 Mise 2d 1026) in a proceeding involving a similar power of appointment under an inter vivos trust established by the same donor in the same terms as those employed in the will and its attempted exercise by the will of a son as donee. The court determined that the attempted exercise of the power of appointment was invalid and that under the trust indenture the appointive fund vested in the natural child of the donee to the exclusion of his adopted child.
Settle decree.