S. Samuel Di Falco, S.
In this proceeding to settle the account of trustees petitioners seek a construction of the will. So far as pertinent the terms of the will provide that the residuary estate of testatrix be held in trust, with income payable to her son for life, and upon his death, if he left issue surviving, to divide the principal into as many equal parts as he left children him surviving; to continue to hold such equal separate parts in trust “ for the benefit of each such child of my said son him surviving who shall have been in being at the time of my death ’ ’, and to apply the income of each trust for the support and maintenance of such child until 21, and upon each child attaining the age of 21 years to pay all the income to such child for life, with further provisions for the disposition of the remainders over upon certain contingencies.
At the death of testatrix in 1946 her son was married and had three children by his then wife. He subsequently divorced her and remarried, and in 1953, seven years after his mother’s death, adopted the child of his second wife. He died September 13, 1955, terminating his primary interest in the trust and survived by said four children, one of whom is the adopted child, and all of whom were in being at testatrix’ death. It is conceded that during the preparation and execution of the 'will there was no mention or discussion by either testatrix or the attorney who drew it respecting any adopted child or children. Petitioners, the trustees, state that they are uncertain as to whether the adopted child of the life beneficiary is a child of his within the meaning of the will and shares in the trust remainder equally with the other three children. Involved is section 115 of the Domestic Relations Law which provides that foster parents and adopted children bear the legal relation of parent and child, including rights of inheritance but that as to passing and limitation over of future estates contingent on said parent dying without heirs the said child is not deemed one so as to defeat the rights of remaindermen. The special guardian for the adopted child herein relies upon the recent decisions of the Court of Appeals in Matter of Upjohn and Matter of Charles (both reported in 304 N. Y. at pp. 366, 776) respectively to support this contention that the adopted *864 child shares in the estate. The cases are clearly distinguishable from the instant case.
In Matter of Upjohn (supra, p. 375), the court considered the above statute and reiterating the rule laid down in New York Life Ins. & Trust Co. v. Viele (161 N. Y. 11, 20) that the limitation will be construed to designate only those related to the named ancestor by blood if “ there is nothing to the contrary to be found in the context of the instrument or in extraneous facts proper to be considered ”, and again in Matter of Leask (197 N. Y. 193) that the statute contemplated natural children and not adopted children where the testator is a stranger to the adoption, nevertheless held that the surrounding circumstances, particularly his actual knowledge of the existence of the child and its adoption at the time he executed his will, and his friendly relationship with the life tenant and her family showed testator’s intention to include the adopted child with his other nieces and nephews. In the case at bar, testatrix did not even know of the existence of the adopted child, much less that many years after her death she would become the adopted child of her own son.
In Matter of Charles (supra), there was involved a power of appointment. There testatrix’ will created a trust for the life benefit of her daughter with power to appoint the remainder to the latter’s children or their issue, to her husband, and to her two brothers or their issue. She elected to exercise the power in favor of her two adopted children and a niece. The appellate courts upheld the Surrogate who found the appointment valid on the ground that the language of the will prima facie permitted appointment to children acquired by adoption. It was noted that so far as contravening the rights of remainder-men was concerned, under the limits of classes provided by the donor, the donee could completely defeat the interest of presumptive remaindermen by an act not involving a child or children.
It is noteworthy that in other cases where the adopted child was successful the adoption took place prior to execution of the will and was known to testator. This was true in Matter of Horn (256 N. Y. 294), decided before Upjohn, and Matter of Myres (205 Misc. 880), decided subsequently. In the latter ease the court stated that had testatrix intended to exclude said child she could have said so in her will. It follows that where a child claiming a remainder interest is adopted after a testator’s death he or she should not share unless the will or the surrounding circumstances indicated a clear intention to include adopted children. In subsequent decisions where an adopted *865 child was held to have been excluded under the statute heretofore mentioned the adoption occurred after the death of testator (Matter of Holt, 206 Misc. 789; Matter of Clark, 137 N. Y. S. 2d 252; Matter of Eagan, 204 Misc. 856). To the same effect see Matter of Timken (142 N. Y. S. 2d 706) and Matter of Nicol (3 Misc 2d 898).
In the instant case the child was adopted after the death of testatrix and it was also after her death that her son divorced his first wife, the mother of his other children whom testatrix knew, and remarried and adopted his second wife’s child. It certainly cannot be said that the testatrix had any such child in mind when she made her will. It is contended that remainder interests are not involved as such but that the issue is between the natural children and the adopted child of the same parent. The shares of the natural children, however, would be reduced from one third to one fourth each. It is urged that the birth of natural children would cause the same result. It is the intention, however, of testatrix which controls and in line with the above rulings it cannot be said here that she intended to include the adopted child. The court therefore holds that the will be construed to the effect that the remainder of the residuary trust continues in three equal trusts for the three natural children of the deceased life beneficiary and that the adopted child does not share therein.
Submit decree on notice construing the will and settling the account accordingly.