Joseph A. Cox, S.
The petition in this proceeding, instituted by the trustee to judicially settle its account, requests construction of the fourth article of the will. That article reads:
“ Fourth: I give and bequeath unto my executors hereinafter named, the sum of Sixty thousand Dollar ($60,000) in trust nevertheless, for the following purposes: To invest the said sum of Sixty thousand Dollars ($60,000) in such securities or in such manner as they may deem wise, and to pay the income thereof to my said son Alfred Rothschild, during the whole of his natural life, and upon his death to pay the income thereof to his issue and to his wife, Margaret Rothschild, share and share alike, upon the death, or re-marriage of the said Margaret Rothschild I direct my executors to pay over the said sum of Sixty thousand Dollars ($60,000) to the issue of my said son, Alfred Rothschild, who shall he living at that time, share and share alike, in case my said son, Alfred Rothschild, shall die leaving only issue and no wife him surviving, then upon his death, I direct my said executors to pay the whole of said principal sum of Sixty thousand dollars ($60,000) to such issue, share and share alike; in case my *818 son Alfbbd should die without leaving lawful issue him surviving, then upon his death, the income of said Sixty thousand dollars ($60,000) shall be paid to his wife until her death or re-marriage, and upon the happening of either of such events, I give and bequeath the said sum of Sixty thousand dollars ($60,000) to my children me surviving, share and share alike; provided however, that the child or children of a deceased child shall take the share which his, her or their parent would have taken if living, if one child solely, if more than one equally.”
The first question propounded is whether the repeated references to the sum of $60,000 in the quoted text refer to the trust principal in whatever amount it may be constituted from time to time or such references contemplated distribution of a sum not in excess of $60,000 to the trust remaindermen. If the latter conclusion were to be reached it could mean, in the event of a principal increase, that the testatrix failed to make a complete disposition of the fund. The presumption is that the testatrix did not intend to leave any part of the fund unbequeathed, as a partial intestacy always is to be avoided. Such a result would be a distortion of the testamentary intent inasmuch as it is quite obvious that the references to the initial amount of the fund were employed only as a means of distinguishing trust principal from trust income and not by way of limitation upon the remainder bequest. (Matter of Low, 232 App. Div. 414, affd. 257 N. Y. 613; Matter of Ottenberg, 67 N. Y. S. 2d 589 and authorities cited therein, at p. 590.)
Further questions are raised as to whether distribution of trust income following the death of the primary income beneficiary is to be made to such beneficiary’s issue per stirpes or per capita. Inasmuch as the testatrix died in 1907, long prior to the enactment of section 47-a of the Decedent Estate Law, the common-law doctrine respecting interpretation of the word issue is applicable to this will. That doctrine was that the word issue, standing alone without other expression of intent, was to be regarded as signifying descendants of every degree (Soper v. Brown, 136 N. Y. 244; Petry v. Petry, 186 App. Div. 738, affd. 227 N. Y. 621) but equally well defined in the decisions has been the rule that such interpretation of the word should yield to a very faint glimpse of a different intention. (2 Jarman on Wills [1st Amer. ed. 1845] 111; Ferrer v. Pyne, 81 N. Y. 281, 284; Matter of Farmers’ Loan S Trust Co., 213 N. Y. 168, 173-174.)
The instant will is quite comparable to the instrument construed in Central Hanover Bank & Trust Co. v. Pell (268 N. Y. 354) where the court regarded directions in the instrument for a stirpital distribution in related instances to be of great weight *819 in the construction of the text under the court’s consideration. The directions of this testatrix respecting the ultimate distribution of the fund also are of major significance for the will provides that, in default of issue of her son, the fund be paid to her children, the child or children of a deceased child to 11 take the share which his, her or their parent would have taken if living ”. It certainly would work the inequality that the decisions have sought to avoid to give a different interpretation to the testatrix’ use of the word “issue ” and thereby not only diminish the shares of both income and principal payable to her grandchildren but greatly reduce the share of income payable to the widow of her son. There is no basis for the thought that the testatrix intended one method of distribution to her children and a wholly different method of distribution to the children of her son and the conclusion must be that the purpose of the testatrix was to provide for distribution per stirpes in each instance. Accordingly the will is construed as providing for distribution of both income and principal to issue per stirpes and not per capita.
The fee of the attorneys for the trustee has been fixed and the amount allowed has been indicated on the affidavit of legal services.
Submit decree construing the will and settling the account.