John D. Bennett, S.
In this accounting proceeding a construction is sought of the words 11 surviving lawful issue of my said son ”, to determine whether that phrase includes an adopted grandson as a remainderman of a trust created by paragraph Tenth of the will. If not, a surviving natural grandchild is entitled to the entire remainder.
The salutary rules employed in the determination of construction proceedings are designed to avoid their assuming the coloration of Bardell v. Piokwick. One such rule is that where, as here, the will is meticulously drawn by an obviously skilled draftsman, the words used must be given their usual and accepted meanings without enlargement and without restriction. They are to be considered terms of art and should not be held to have been chosen casually or at random, and when particular or technical terms are used they should be considered in their technical meanings, absent a showing that the testator had a contrary intent (Matter of Syracuse Univ. [Hendricks], 1 Misc 2d 904, affd. 3 AD 2d 890, affd. 4 N Y 2d 744; Matter of Barnes, 126 N. Y. S. 2d 83, affd. 286 App. Div. 346, reargument denied and appeal granted 286 App. Div. 980, affd. 2 N. Y. 2d 787; Matter of Weil, 151 Misc. 841, affd. 245 App. Div. 822, affd. 271 N. Y. 608; Matter of Rossiter, 134 Misc. 837, affd. 229 App. Div. 730, affd. 254 N. Y. 583; Matter of Hilliard, 164 Misc. 677, affd. 254 App. Div. 879; Matter of Leonard, 143 Misc. 172; Matter of Barrett, 141 Misc. 637; Matter of Myers, 98 Misc. 108).
The overwhelming weight of authority is that ‘1 Where there is nothing to the contrary to be found in the context of the instrument or in extraneous facts proper to be considered ” the words “ lawful issue ” do not include children by adoption (New York Life Ins. & Trust Co. v. Viele, 161 N. Y. 11, 20; Matter of Leask, 197 N. Y. 193; Hopkins v. Hopkins, 202 App. Div. 606, affd. 236 N. Y. 545; Trowbridge v. Trowbridge, 182 Misc. 191, affd. 269 App. Div. 826; Matter of Price, 4 Misc 2d 1023; Matter of Holt, 206 Misc. 789; Matter of Baur, 205 Misc. 551; Matter of Eagan, 204 Misc. 856; Matter of Denton, 195 Misc. 938; Matter of Cuddeback, 174 Misc. 322; Matter of *207 Marsh, 143 Misc. 609, 616; Matter of Cotheal, 121 Misc. 665; Matter of Clark, 137 N. Y. S. 2d 252; Matter of Hall, 127 N. Y. S. 2d 445, 450; Matter of Eagan, 110 N. Y. S. 2d 438; Matter of Schmadeke, 80 N. Y. 3. 2d 372, 374; Matter of Cooke, N. Y. L. J., June 24, 1957, p. 10, col. 7; Domestic Relations Law, § 115, par. 4).
The testator’s knowledge of the adoption of a child has been considered a circumstance indicating an intent to include such an adopted child in the term “ issue ” (Matter of Upjohn, 304 N. Y. 366; Matter of Horn, 256 N. Y. 294, 296; Matter of Price, 4 Misc 2d 1023, supra, Matter of Holt, 206 Misc. 789, 792, supra, Matter of Baur, 205 Misc. 551, 554; Matter of Eagan, 204 Misc. 856, 857, supra, Matter of Fedders, 187 Misc. 207, 217; Matter of Hall, 127 N. Y. S. 2d 445, 449; Matter of Cooke, N. Y. L. J., June 24, 1957, p. 10, col. 7, supra).
The facts produced and the will itself lead inescapably to the conclusion that the phrase in question did not include adopted children. The single circumstance that the testator’s son was an adopted child is of no significance in the construction of this will drawn 12 years before the grandchild in question was adopted. That adoption took place 10 years after the testator’s death. In the absence of other facts it cannot be assumed that the testator intended to include in the phrase “ lawful issue ” such an adopted child, particularly when the language in the will, drawn with such obvious care, was used with every indication that the phrase was intended as a term of art as interpreted by the cases then decided (cf. Matter of Rothschild, 11 Misc 2d 817).
The court is relieved to know that the foster father of the adopted child, acting with more than usual sagacity and prescience, executed his own will in such a way as to forecast the result here reached in arriving at a formula by which his natural and adopted children would share equally in the total value of both his and his father’s estates. This fact was not considered by the court in arriving at its conclusion but is noted to indicate that violation may be done to testamentary schemes unless words carefully chosen are given their orthodox meanings in the construction of wills.
The account will be settled as filed.
Settle decree on five days’ notice in accordance with this decision.