Laurence D. Wood, S.
In this proceeding petitioner, Mary Frances Henry, only child of Marvin Carlton McDonald, seeks a construction of his last mil and testament, dated May 24, 1956. Marvin Carlton McDonald died on the 28th day of February, 1960, a resident of Santa Rosa, Sonoma County, California, in which county his will was admitted to probate on March 25, 1960. The decedent in addition to his only daughter *890 by his first marriage, was survived by his divorced first wife, Sallie W. McDonald, and by his second wife, Mildred H. McDonald.
Subsequent to the drafting and execution of this will, property at 109 South Florida Road in the Town of Safina, County of Onondaga and State of New York, was conveyed to the testator by deed dated November 28, 1956. This property is now occupied by decedent’s daughter, her husband, an attorney, and their five children.
Letters testamentary were issued by the California Superior Court, Sonoma County, California, to Mildred H. McDonald and the American Trust Company on the date of probate of the will. Thereafter and pursuant to the provisions of section 44 of the Decedent Estate Law, the said last will and testament together with the letters testamentary issued thereon were recorded and spread upon the records of the Onondaga County Surrogate’s Court on January 23, 1961.
Petitioner seeks to establish that the provisions of the will of the decedent failed to dispose of the real property of the decedent at 109 South Florida Road, in the Town of Safina, County of Onondaga and State of New York, and that this property should pass by intestacy.
The pertinent clauses of the will are as follows:
“ Third: It is my intention to dispose of all property which I am entitled to dispose of by will.” * * *
“Fifth: I do hereby give, devise and bequeath unto my brother, bichard l. mo donald, and to my sister-in-law, nita mo Donald the sum of $10,000.00 to be divided equally between them * * *.
“Sixth: I do hereby give, devise and bequeath the real property and the building I now own located 1015 Santa Rosa Avenue, Santa Rosa, Sonoma County, California * * * to American trust company in trust to hold, manage and distribute as hereinafter provided. In the event said land and building is not a part of my estate, I give, devise and bequeath the sum of $150,000.00 to said American Trust Company, in trust, to hold, manage and distribute as hereinafter provided # *
“ Ninth: All the rest, residue, and remainder of my estate, I give and bequeath to my wife, Mildred H. McDonald.”
In summary, petitioner relies on the absence of the word “ devise ” in the Ninth paragraph of the will as the basis for her assertion that the above-mentioned parcel of New York real property did not pass under the will.
This court has jurisdiction to construe a will recorded here in conformance with the provisions of section 44 of the Decedent *891 Estate Law under the powers conferred by subdivision 8 of section 40 and section 145 of the Surrogate’s Court Act, insofar as it affects real property within this State. (Matter of Von Deilen, 154 Misc. 877, 879; Matter of Collier, 45 N. Y. S. 2d 773, 774.) And even though said will has been admitted to probate in another State, the law is well settled that the validity of a will of a nonresident so far as it affects a disposition of real property is governed by the laws of the State in which such realty is located (Decedent Estate Law, § 47; Matter of Wupperman, 164 Misc. 900; Matter of Collier, supra), “and the manner in which such property or such interest in property descends, where it is not disposed of by will, are regulated by the laws of the state, without regard to the residence of the decedent ”, (Decedent Estate Law, § 47.)
The Court of Appeals of the State of New York has quoted with approval De Vaughn v. Hutchinson (165 U. S. 566, 570) which stated:
“ ‘ It is a principle firmly established that to the law of the State in which the land is situated we must look for the rules which govern its descent, alienation and transfer, and for the effect and construction of will and other conveyances. ’ ’ ’ (Matter of Good, 304 N. Y. 110, 115.)
Petitioner argues first that particular or technical terms are considered terms of art and must be given their technical meaning without enlargement and without restriction where the will of which they are a part has been drafted by a skilled draftsman.
The second argument of the petitioner is that the words give and bequeath are utilized to dispose of personal property only and the word devise is utilized to dispose of real property when such words are used by the skilled draftsman, and that, therefore, the Ninth (or residuary) paragraph of the will here in question should be construed to dispose only of personal property, as a result of which the New York realty would descend by the New York laws of intestacy, giving a one-half interest in said realty to Mary Frances Henry as daughter and only child of said decedent, who died February 28, 1960 subsequent to the amendment of section 83 of the Decedent Estate Law effective July 1, 1959 by which the share of a sole surviving child was decreased from two thirds to one half of such intestate property.
The respondent argues simply that the will of the testator conveyed title to the real property located in New York to the widow.
In support of petitioner’s first argument, two New York cases are principally cited. One (Matter of Smith, 14 Misc 2d *892 205 [1958]) deals only with the inclusion of adopted children in the term “ lawful issue While we agree with the statement cited from that case that words used should be given their usual and accepted meaning in the absence of a showing that testator had a contrary intent, we find in the case at hand a definite expression of contrary intent in paragraph Third where this testator declared his intent 11 to dispose of all property which I am entitled to dispose of by will ”. At the time of the drafting of the will the testator did not yet own the piece of real property here involved as pointed out in petitioner’s brief. The other case (Adams v. Massey, 184 N. Y. 62) also cited in support of technical construction is relied upon principally by the petitioner as a case requiring the use of the word ‘ ‘ devise ’ ’ to pass real estate in support of petitioner’s second argument. There the holographic will, unlike the one here before us, lacked additionally the words rest, residue or remainder, stating after a bequest of a life estate that “ I further give and bequeath any other property not herein otherwise before disposed of that may be in my possession at the time of my decease to my wife Julia Ann, first to liquidate any indebtedness that may be against me; the balance, if any, to be at her disposal”. At page 71 of that opinion the court stated that “If he intended by this language that the money in the bank and the property which he might subsequently acquire ’ ’, should be devoted to the purpose of the seventh clause “ it would be natural and reasonable ” (italics supplied) and the doubt as to whether there would be any left would not seem strange. Thus we find that court indicating that after acquired property like that in the case at hand might properly be disposed of under the residuary clause in that will, which was less complete and definite than the one in the case before us. Under this construction, the third clause of this present will is not inconsistent with the ninth or residuary clause where the property was later acquired. The intent of the two paragraphs thus read, together does not conflict, the earlier clause being declarative of the testator’s intent and the ninth or residuary clause, the operative clause to carry out such intention, this construction is supported by the presumption against partial intestacy.
Here as in Matter of Hayes (263 N. Y. 219, 223, 224) we are confronted by the question of which of two canons of interpretation should be applied, namely, whether that construction should be given to the will which avoids intestacy as to any part of the estate or as to whether that construction shall be given which avoids the exclusion of testatrix’ next of kin from partici *893 pation in the estate. There is here participation by the next of kin by virtue of gifts in this will.
The prime consideration in all construction proceedings is the intention of the testator as expressed in the will. All rules of interpretation are subordinated to the requirement that the actual purpose of the testator be sought and effectuated as far as is consonant with principles of law and public policy. This intent must be gleaned not from a single word or phrase but from a sympathetic reading of the will as an entirety and in view of all the facts and circumstances under which the provisions of the will were framed. (Matter of Fabbri, 2 N Y 2d 236, 239, 240.)
The Court of Appeals has passed upon a residuary clause lacking the word “ devise ” where as in the case at bar the will was drawn by a competent and experienced draftsman and the court there noted: “ The words ‘ I give and devise ’ are used in all cases (except one) where the will disposes specifically of real property, and the words ‘ I give and bequeath ’ in dispositions of personalty, and the use of these phrases are frequent. In the gift of life estates, to the testator’s wife the words are * I give and bequeath,’ which is the exception. The inappropriate use of the words ‘devise ’ or 1 bequeath ’ is not generally a very material circumstance, as they are often used indifferently in wills. * * * But their accurate and discriminating use in a will containing many provisions has doubtless some significance. But the intention of the testator to dispose of all his estate by will is quite manifest. * * * and the word estate comprehends all the residue of the property not otherwise disposed of, real and personal, unless a limited meaning is attached thereto by the context. * * * There are no words in the 22d clause which restrict the residue there mentioned to personal property.” (Lamb v. Lamb, 131 N. Y. 227, 235-236; italics supplied.)
The draftsman in the will here under construction did not resort to a meticulous distinction between the words “ devise ” and “ bequeath ” as evidenced by the will itself. (See pars. 5, 6, 9 thereof.)
In Matter of Hayes (supra, p. 225) the Court of Appeals has stated that 1 ‘ Many decisions by this court have stated the principle, in different language, that an interpretation that will result in intestacy as to any part of an estate is to be avoided if possible ”.
The use of the term “ estate ” standing alone and without qualification, in law includes all kinds of property, real, personal *894 and mixed. (Matter of Pierce, 111 N. Y. S. 2d 525, 529; Matter of O’Gorman, 161 Cal. 654.)
Employment of the word ‘1 bequeath ’ ’ does not limit the residuary gift to personal property. (Lamb v. Lamb, supra, p. 235 ; Mills v. Tompkins, 110 App. Div. 212.)
While this court feels considerable sympathy toward the petitioner, under the laws of intestacy in the State, this only daughter and the widow, whose status as such has not been here shown to have been impaired, would share equally in any real property in this State. (Decedent Estate Law, § 83, subd. 1, as amd., eff. July 1,1959.)
It would thus be impossible for the petitioner to obtain more than a one-half interest through any decision of this court finding a partial intestacy.
In view of the expressed intention of the testator to dispose of all his property by will, as set forth in the third paragraph thereof, and the use of the words 1 ‘ All the rest, residue, and remainder of my estate, I give and bequeath to my wife, Mildred H. McDonald ” in the residuary clause, I am constrained to hold upon the authorities and reasoning above set forth that this court has jurisdiction to construe the above will insofar as it affects real property located in the State of New York and within the County of Onondaga, and further that the said real property passes under the residuary clause hereinbefore set forth.