Joseph A. Cox, S.
In this accounting proceeding a construction of article Fifth of the testator’s will, executed in 1931 and admitted here in 1935 following his death during that year, is requested. Therein a residuary trust for the benefit of his wife is created and the remainder is divided among 14 legatees to be paid to them if living “ or persons then dead of whom a descendant is then living * * * to subdivide one of such equal shares among the descendants then living of each such deceased person, per stirpes.”
The question presented is whether an adopted child of a deceased descendant, who was adopted at the age of 1 year some 12 years after the execution of the will and 8 years after testator’s death, is entitled to share within the definition of ‘ ‘ descendants per stirpes. ” The special guardian who urges the infant’s right to such share indicates that he has made a thorough investigation for extrinsic evidence of the testator’s intention with regard to adopted children at the time his will was drafted. The report of the special guardian is that11 the sum total of my efforts has been negative ” and he waives a hearing.
A reading of this will fails to reveal any intent on the part of the testator to favor anyone but persons related by blood in the use of the words “ descendants per stirpes ”. There are none of the extraneous facts found in Matter of Upjohn (304 N. Y. 366); Matter of Day (10 A D 2d 220); and Matter of Ward (9 A D 2d 950, affd. 9 N Y 2d 722).
The most recent pronouncement of the Court of Appeals on this issue is Matter of Ricks (10 N Y 2d 231) affirming the Appellate Division (12 A D 2d 395), where the court said at page 397: ‘ ‘ It has been consistently held that in similar circumstances, where a child has been adopted after the death of the testator, that the adopted child does not fall within the class of persons designated as ‘ issue ’ or ‘ descendants ’ in the will. (Matter of Peabody, 17 Misc 2d 656; Matter of Cook, 8 Misc 2d 103; Matter *430 of Hilts, 5 Misc 2d 862, affd. 4 A D 2d 1013; Matter of Holt, 206 Misc. 789.) ”
This will, accordingly, is construed as excluding the ward of the special guardian.