John D. Bennett, S.
This is a proceeding to settle the account of the trust for the benefit of Mary Park Neils on, a daughter of the decedent. Incidental thereto the court is required to determine whether the use of the word 1 ‘ issue ” in paragraph Seventh of the will disposing of the residue of this trust includes an adopted child of a predeceased son of Mary Park Neilson.
The pertinent portion of paragraph Seventh reads as follows: 11 As each of said children * * * for whom the trust funds are hereby created, dies, the principal of the trust fund of such child * * * shall be distributed among his issue him or her surviving in equal shares per stirpes and not per capita * * * and in default of issue surviving any of my children, the share held in trust for any one of my children shall be distributed per stirpes among my issue then surviving, the portion of any of my issue for whom a trust fund is then in existence shall be added to the principal of said trust fund and shall follow the distribution of such trust fund both as to the principal and income, in like manner as though said portion so added had constituted a part of said trust fund from its establishment
The predeceased son of the life income beneficiary died survived by the adopted child mentioned above and a natural daughter, who is contesting the asserted right of her adopted brother to share in the remainder. The child was adopted by a decree of the Superior Court of Santa Barbara County, California, dated December 12,1942, some 34 years after the testator’s death.
The third and fourth paragraphs of section 117 of the Domestic Relations Law, which embody the governing law and public policy of the State of New York in this area, read as follows:
“ The foster parents or parent and the foster child shall sustain toward each other the legal relation of. parent and child and shall have all the rights and be subject to all the duties of that relation including the rights of inheritance from each other.
‘£ As respects the passing and limitation over of real or personal property dependent under the provisions of any instrument on the foster parent dying without heirs, the foster child is not deemed the child, of the foster parent so as to defeat the rights of remaindermen.”
The adopted son claims that the question here is merely one of whether an adopted child can share equally with a natural child within the ambit of the term £ 1 issue ’ ’ and not whether he is ££ issue” so as to defeat the rights of remaindermen in a limitation over in the instrument dependent on the foster parent dying without heirs.
The son’s claim is that under paragraph three an adopted child attains the same status as a natural child, and that the *667 only exception to this status, expressed in paragraph four, must be strictly construed and limited to the precise situation defined.
Although there is some authority for the adopted son’s position, the overwhelming weight of authority is to the contrary. The courts have, in the absence of an intent to the contrary, interpreted the word “issue” to exclude an adopted child, without regard to whether there was a 1 ‘ passing or limitation over” dependent upon the foster parent dying without heirs (Matter of Ricks, 12 A D 2d 395, affd. 10 N Y 2d 231; Matter of Taintor, 32 Misc 2d 160; Matter of Peabody, 17 Misc 2d 656; Matter of Smith, 14 Misc 2d 205; Matter of Holt, 206 Misc. 789).
Furthermore, the adopted son’s basic premise that the third paragraph invests an adopted child with the same status as a natural child, and that the fourth paragraph is the only exception, is in error. The Court of Appeals characterized the third paragraph as creating such a relationship but only “ as between foster parent and adopted child ” (Matter of Rockefeller [Hubbard], 12 N Y 2d 124, 133).
Moreover the will here does provide for a 1 ‘ passing over ’ ’ in default of issue of a child of the testator. It is only the fact that there is such issue that prevents the limitation over from becoming operative.
The question must be decided on the basis of the testator’s intention, for it is inescapable that, as re-emphasized by the Appellate Division in Matter of Ricks (supra), there is a “ biological flavor ” attendant upon such words as “ issue ” and “ descendants ”.
The adopted son concedes that he cannot affirmatively establish any intention of the testator to include an adopted child within the term “ issue ” and, there being no such intention expressed or implied in the will, the respondent, Raymond P. R. Neils on III, is held to have no interest in the remainder of the trust.
The argument that the status and rights of an adopted child are those conferred by the jurisdiction which granted the adoption (here California) was answered by the Court of Appeals in New York Life Ins. & Trust Co. v. Viele (161 N. Y. 11, 19), where it held that the law of the place of adoption with regard to whether an adopted child is issue or not was immaterial (cf. Matter of Ring, 8 Misc 2d 769).
The apportionments between income and principal as set forth in schedule l are approved.