JAMES A. TROWBRIDGE, JR., et al., as Surviving Trustees under Certain Indentures, Plaintiffs, *v.* ARTHUR L. TROWBRIDGE et al., as Surviving Executors of JAMES A. TROWBRIDGE, Deceased, et al., Defendants.

Supreme Court, Special Term, New York County, April 26, 1944.

*Rathbone, Perry, Kelley & Drye* for plaintiffs.

*Bleakley, Platt & Walker* for First-Stamford National Bank and Trust Company of Stamford, Connecticut, as administrator of the estate of Gardiner Trowbridge, deceased, defendant.

*Adrian P. Burke,* guardian ad litem for infant defendants.

*Charles C. Murphy,* guardian ad litem for Peter Trowbridge, defendant.

DINEEN, J. The motion and cross motion for summary judgment are consolidated and will be disposed of together. By a trust indenture entered into on March 1, 1917, one James A. Trowbridge transferred to trustees the sum of $300,000. The

trustees were to pay the net income to William B. Trowbridge, a son of the settlor during his life and upon his death, leaving issue, they were to divide the principal among such issue *per stirpes*. Then followed these provisions:

"3. If my said son, William B. Trowbridge, should die leaving no issue, then to divide the principal of the fund which has been held in trust for him into three equal parts, one part for each of my sons, James A. Trowbridge, Jr., Gardiner Trowbridge and Arthur L. Trowbridge, who may then be surviving, and one part for the issue of each of my said sons who may have died. To pay and divide one of such parts into which said fund may have been divided, to the issue of any of my said sons who may have died, *per stirpes* and not *per capita* and to hold the other parts, one for each of my said sons who may then be living and to pay to him during his natural life, the income and interest therefrom. Upon the death of any son for whom any such part of the fund may have been set aside, to pay over the principal of such part to the person or persons who may then be the heirs at law of said son, according to the laws of the State of New York.

"4. In case my said son, William B. Trowbridge, shall die without issue and there be no other of my said sons surviving nor any issue of any deceased son, then to pay over the principal of the fund which has been held in trust for the said William B. Trowbridge, so dying, to the surviving person or persons who may then be the heirs at law of said son, according to the laws of the State of New York ". William B. Trowbridge, the beneficiary for life, died in 1941 without issue.

In the meantime, Gardiner Trowbridge, one of the three brothers mentioned in paragraph 3 of the indenture, had died in 1938 leaving no issue of his body but leaving the defendant Peter Trowbridge whom he had adopted as a son in 1930. Two sons, James A. Trowbridge, Jr., and Arthur L. Trowbridge, still survive.

The principal question on this motion for summary judgment is whether or not this adopted son became entitled to any interest in the trust fund under the terms of the trust indenture.

The answer must be in the negative. While under our statutes the relation between the foster father and his adopted son was that of parent and child (Domestic Relations Law, § 115), that relationship as between themselves is of little or no moment in deciding the question here at issue. That question is, what was meant by the settlor of the trust by the words " the issue

of any of my said sons who may have died '' (*Dodin* v. *Dodin,*
16 App. Div. 42, 48, affd. 162 N. Y. 635; *Matter of Cuddeback,*
174 Misc. 322). The natural meaning of the word '' issue ''
is a child or children born of the marriage of the ancestor or
their descendants. In the absence of evidence that any other
meaning was intended, the word will be so construed (Remsen on
Preparation of Wills and Trusts, pp. 106–107). There is no
such evidence here.

A further question must be decided before summary judg-
ment can be granted disposing of the trust fund. Since defend-
ant Peter Trowbridge is not to take any part of the principal
of the fund as the issue of Gardiner Trowbridge, an inquiry
must be directed to the problem whether there has been a
failure to dispose of one third of the principal by paragraph 3
of the indenture above quoted. If the language of that para-
graph be read literally, there has been a failure to dispose of
the one-third part of the fund which would have gone to Peter
Trowbridge if he were held entitled to share in the fund as
the issue of Gardiner Trowbridge. Its disposition is not pro-
vided for by paragraph 4 of the indenture for some of the
settlor's sons did survive the beneficiary for life.

A construction of the instrument which would leave one third
of the fund undisposed of is to be avoided if possible, especially
where the indenture appears to have intended a disposition of
the whole fund in the numerous contingencies foreseen and pro-
vided for in the instrument. The one-third share, therefore,
should not be left to revert by operation of law to the repre-
sentatives of the settlor if such a result can be avoided by any
permissible construction of the trust instrument.

The difficulty arises from the fact that in the third paragraph
of the indenture the testator directed that if his son, William B.
Trowbridge, should die without issue, a contingency which has
occurred, the principal of the fund should be divided into three
equal parts, one of such parts to be left in trust for each of his
three sons who might then be surviving and one of such parts
to be paid over to the issue of any of those sons who might have
died. The trouble is that he did not provide for the contingency
which has actually occurred, namely, the death of one of the
sons before the beneficiary leaving no issue.

It is urged that this omission may be supplied by the court
by a construction which would merely leave out the word
'' three '' in the direction to divide the principal after the
death of the beneficiary for life, with the result that the instru-
ment would then direct the division of the fund into equal parts,

one for each of the two surviving sons. The result would be that one half the fund would continue to be held in trust for each of the two sons instead of the one-third part which the settlor contemplated would be so held.

While " 'words and phrases may be transposed, or even inserted, or left out of a provision, if it becomes necessary * * * to accomplish a clearly expressed intention of a testator ' " (*West* v. *West*, 215 App. Div. 285, 287), this may never be done in order " 'to devise a new scheme or make a new will ' " (*Matter of Kenny*, 224 App. Div. 152, 156).

It seems to me that to make the proposed elision would be an unjustified interference with the provisions of the formal instrument under construction. It is the duty of the court to allow the indenture to operate as it was written without adding to or subtracting from its terms and so to hold that the one-third part of the fund which would have gone to the issue of Gardiner Trowbridge was not disposed of by the instrument and must pass by operation of law to the surviving executors of the estate of the settlor to be disposed of by them in accordance with law (Real Property Law, § 102). The other two thirds of the principal should continue to be held by plaintiffs in trust for the benefit of the surviving brothers and remaindermen.

The account is approved without objection and summary judgment directing distribution as indicated will be granted. The administrator of the estate of Gardiner Trowbridge will be awarded an additional allowance of $300 as requested. Plaintiffs and defendant bank will be allowed costs and disbursements. The guardians ad litem may submit affidavits of services and requests for allowances on settlement of the judgment.

Settle judgment.