In the Matter of the Accounting of ANNA M. SEMON, as Executrix of JOHN F. SEMON, Deceased Trustee under the Will of ANN E. DENTON, Deceased.

Surrogate's Court, Kings County, August 2, 1949.

*John Clark Toaz* for executrix, petitioner.

*Joseph A. Caprio,* special guardian for Evelyn D. Kamke and others, infants, respondents.

*Edward A. Vosseler,* special guardian for Robert W. Olney, an infant, respondent.

*Bartholmew A. Moynahan* for Eagle Indemnity Company, respondent.

McGAREY, S. The question presented for determination on this accounting by the executrix of a deceased trustee is whether an adopted child of a nephew of testatrix has any possible interest under the will as a contingent remainderman.

Testatrix died in 1916 and by the terms of her will directed the erection of a trust of her residuary estate, with the income therefrom payable to her grandchild for life. The remainder is given to the issue of such grandchild and, in default of issue,

to two named sisters of testatrix and " if either of them be dead leaving issue, I give to such issue the share which its ancestor would have taken if living, per stirpes and not per capita."

The life beneficiary survives, unmarried. Both sisters of testatrix are now deceased and both left issue, still living. A son of one of the sisters has no issue born of his marriage but has a child by adoption, who is an infant over fourteen years of age. The status of this child as one of the issue of testatrix' deceased sisters, under the terms of the will, is the question presented for solution.

The special guardian for the adopted child argues that the solution of the problem is found not in the statutes regulating intestate distribution but in the intention of testatrix as revealed by the language of the will and the trend in more modern decisions is toward a more liberalization in the interpretation of wills as affecting the rights of an adopted child. He cites in support of his contention that his ward is a party in interest: *Matter of Horn* (256 N. Y. 294); *Matter of Walter* (270 N. Y. 201); *Bourne* v. *Dorney* (184 App. Div. 476, affd. 227 N. Y. 641); *Matter of Horvath* (155 Misc. 734); *Matter of Mawhinney* (146 Misc. 30), and *Matter of Fedders* (187 Misc. 207).

With the exception of the last-cited case, the decisions cited by the special guardian are distinguishable on the facts from the matter under consideration. In *Matter of Horn* (256 N. Y. 294, *supra*) the adopted child of the sister of testator's deceased wife had been adopted many years prior to the execution of the will and her foster mother had been dead many years at the time of the execution of the will leaving such child as her only surviving child. The Court of Appeals in commenting on the fact that the child fitted into the description of the legatees under the will said at page 296: " Joseph Horn knew that this sister of his wife had died many years before, leaving an adopted child. The bequest * * * was intended for him, although instead of using his name the testator described him as a child of his wife's sister who had predeceased her."

In *Matter of Walter* (270 N. Y. 201, *supra*) the brother of testatrix and the sole legatee and devisee under his will predeceased her leaving as his sole survivor an adopted child. The Court of Appeals held that she was entitled to take under section 29 of the Decedent Estate Law, since under the law she was a descendant of her foster parents, citing *Matter of Cook* (187 N. Y. 253) and came within the provisions of the statute,

preventing the lapse of a legacy to a brother or sister, who predeceased testator. The applicable provisions of that statute read: " but the property so devised or bequeathed shall vest in the surviving child or other descendant of the legatee or devisee, as if.such legatee or devisee had survived the testator and had died intestate." The court commenting on the language of the statute said at page 205: " These words as they are given and read apply precisely and exactly to the appellant's situation."

*Matter of Horvath* (155 Misc. 734, *supra*) is to like effect and *Bourne* v. *Dorney* (184 App. Div. 476, affd. 227 N. Y. 641, *supra*) and *Matter of Mawhinney* (146 Misc. 30, *supra*) merely hold that an adopted child is a child of the foster parent within the provisions of sections 17 and 26 of the Decedent Estate Law.

*Matter of Fedders* (187 Misc. 207, *supra*) held, under the facts disclosed therein, that an adopted child of a predeceased brother of testator was entitled to take as the remainderman of a trust given, in default of issue of testator's daughter surviving, to named brothers and sisters " per stirpes and not per capita." The Surrogate decided that by addition of the quoted words testator intended that the descendants of any of his brothers and sisters who predeceased the life tenant, were to take the share of the parent and that the adopted child being a descendant of its foster parent, citing *United States Trust Co.* v. *Hoyt* (150 App. Div. 621) was within the class of remaindermen, and emphasized that the adoption took place seventeen years before testator executed his will the court stating at page 217: " Under all the circumstances it is reasonable to believe that he did not intend to exclude him from those who would take by a per stirpes distribution, for he could easily have stated such intention in the testamentary instrument."

While the intention of testatrix, as gathered from the language used in her will, controls, the fact that the child here was adopted many years after testatrix' death negatives any idea that she had a possible adopted child of the descendants of her two sisters in mind when she used the word " issue " to name the class of possible remaindermen of the trust. Nor is there any indication in the instrument that testatrix intended " issue " to be construed in any but the normal and accepted sense, meaning descendants of the blood and born in lawful wedlock. (*Matter of Leask*, 197 N. Y. 193; *Hopkins* v. *Hopkins*, 202 App. Div. 606, affd. 236 N. Y. 545; *Matter of Hall*, 234 App. Div. 151, affd. 259 N. Y. 637; *Matter of Marsh*, 143 Misc. 609; *Trowbridge* v. *Trowbridge*, 182 Misc. 191, affd. 269 App. Div. 826.)

The court determines, therefore, that the adopted child of testatrix' nephew is not a party in interest and does not come within the class of remaindermen under the will, designated as the issue of testatrix' two named sisters (*Matter of Leask, supra*). While there may be a tendency to take a more liberal attitude in construing wills as affecting adopted children, there has been no change in the statute, section 115 of the Domestic Relations Law, and in order that an adopted child may take there must be something in the will, or the surrounding circumstances from which the intention of testatrix may be so construed. As was said by the recent *Per Curiam* decision by the Court of Appeals, *Matter of Hodges* (294 N. Y. 58, 60): "In *Hopkins* v. *Hopkins*, (202 App. Div. 606, 236 N. Y. 545) and *Matter of Hall* (234 App. Div. 151, 259 N. Y. 637) it was held that no statute of this State entitled an adopted child to inherit from the next of kin of its foster parents. There has been no statutory change in the law as there declared. Any extension thereof must be made by the Legislature."

The special guardian argues that section 115 of the Domestic Relations Law does not apply in the present case, citing *Matter of Horn* (256 N. Y. 294) stating that in no reported decision has the section been applied where the issue or descendants to whom a testamentary gift was made consisted of both natural and adopted issue or descendants. In *Matter of Trowbridge* (182 Misc. 191, *supra*) Mr. Justice DINEEN had before him for consideration the right of an adopted child of settlor's son, the latter's only survivor, to take as remainderman under a trust agreement. He held that the adopted child did not come within the interpretation of the word " issue " as used in the instrument, although the result was intestacy as to the share set aside for the son. The court believes that is a complete answer to the special guardian's contention. The statutes as construed by the Court of Appeals require this court to hold that the adopted child here has no possible interest as remainderman under testatrix' will.

Submit decree on notice, accordingly.