In the Matter of the Accounting of CLARA C. REEB et al., as Trustees under the Will of MENNO A. REEB, Deceased.

Surrogate's Court, Erie County, January 4, 1951.

*Robert L. Strebel* for trustees, petitioners.

*Frank S. Di Figlia,* special guardian.

BUSCAGLIA, S. In this proceeding for judicial settlement of their accounts the trustees seek the advice and direction of the court on two matters, and a determination as to the validity, construction and effect of certain provisions of the testator's last will and testament. The first question presented concerns the rights of the trustees to invest in " legal " investments, as provided by a recent amendment to section 21 of the Personal Property Law. (L. 1950, ch. 464.)

A brief recital of this new law is necessary. Effective July 1, 1950, the kinds and classes of securities in which a fiduciary may invest funds is substantially broadened. Subdivision 1 of section 21 provides as follows:

" 1. A fiduciary holding funds for investment may invest the same in the kinds and classes of securities described in the succeeding paragraphs of this subdivision, provided that investment is made only in such securities as would be acquired by prudent men of discretion and intelligence in such matters who are seeking a reasonable income and preservation of their capital ".

A number of paragraphs follow, reciting the various types of investments which are permitted. The most important of these paragraphs is paragraph (m) which authorizes investment by a fiduciary in corporate securities, including common and preferred stocks. The securities purchased under this paragraph must not exceed 35% of the aggregate market value

of the entire trust and any bonds purchased under this paragraph must be obligations of corporations registered with the Security and Exchange Commission or the Interstate Commerce Commission.

Under the terms of his will the testator directed that the residue of his estate be divided into three equal shares, the third of which was to be held by the trustees in trust for the widow for life. Article Fourth states: '' One part thereof shall be retained by my Executors and/or trustees hereinafter named in interest bearing securities * * * and that said sum shall be held by my Executors and/or Trustees for the benefit of my said wife, upon the terms and conditions hereinafter set forth ''. And further, article Sixth: '' and I expressly direct and declare that my Executors and/or Trustees shall, from the sale or disposal by them in either capacity of any of the assets of my estate and/or in the re-investing of any part or portion of the proceeds of my estate, be limited in either capacity aforesaid to ' legal ' investments as defined by the Laws of the State of New York ''.

The trustees now ask whether the words '' interest bearing securities '' mentioned in article Fourth of the will limit the powers of the trustees from '' reinvesting of any part or portion of the proceeds of my estate '' in '' legal investments as defined by the Laws of the State of New York ''.

Under the recent amendment discussed above some legal investments are not interest-bearing securities. The trustees point out that the direction in the will regarding interest-bearing securities applies only to the setting up of the trust for the widow.

The answer to the question must be found in the intent of the testator as best we can determine it from the language and provisions of his will. A reading of the whole will makes it clear that this testator, like so many others, was satisfied to permit the executors and trustees of his last will to invest the funds of his estate in such investments as should be approved from time to time by the Laws of the State of New York as proper investments for fiduciaries. It is equally clear that while he intended that the trust for his wife was to be made up of interest-bearing securities from his estate, he did not intend to forbid the fiduciaries to subsequently invest and reinvest the proceeds of the trust in authorized '' legals ''.

The second question is whether an adopted child under fourteen years of age has any possible interest in the trust created by the will of the decedent. By article Fourth of the will the

testator created the trust for his wife and directed that upon her death the corpus was to be divided among his three children. If any of the testator's children should predecease the widow, the share of that child was to be divided into as many shares as such child might leave issue. Such shares should then be held for the issue for his or her life and only until such issue should attain the age of thirty years, at which time the trust would cease and the corpus should be delivered to the beneficiary. In the event that any issue should die prior to attaining the age of thirty, the respective trusts should cease and terminate and if issue should survive such issue, they should be paid per stirpes. If there be no issue then the same should be paid to the brothers and sisters of such issue, per stirpes; if no brothers and sisters, then to the children of the testator per stirpes.

At the present time the three children are all living. A daughter of one of the children has an adopted child, one Peter Conover Wende, who is now four years old. The trustees seek direction as to whether they need continue to give notice of every proceeding regarding the trust to this infant, stating that it is not their belief that he has any possible contingent interest in the trust fund.

It will be noted that the testator uses the word " issue " in providing for the disposition of the remainder of his estate after the termination of the trust. It has been held that an adopted child is not " issue ". (*Matter of Cuddeback,* 174 Misc. 322.) Section 115 of the Domestic Relations Law provides that an adopted child does not take from the next of kin of its foster parents and the cases hold that, " In order that an adopted child may take, there must be something in the will, or the surrounding circumstances from which the intention of the testator may be so construed ". (*Matter of Denton,* 195 Misc. 938, 941 [McGarey, S.]. See, also, *Matter of Hodges,* 294 N. Y. 58.) The court finds nothing in the will of this decedent to include as " issue " this or any other adopted child.

A decree may enter accordingly.