In the Matter of the Construction of the Will of HENRY P.
SINCLAIRE, Deceased.

Surrogate's Court, Steuben County, November 11, 1952.

*Reynolds, Richards & McCutcheon* for Mary Sinclaire, petitioner.

*Mandeville, Buck, Teeter & Harpending* for First National Bank and Trust Company of Corning.

*Thomas A. Ryan* and *Holland B. Williams* for Murray Sinclaire, as trustee under the will of Henry P. Sinclaire, deceased.

PRATT, S. This is a proceeding for the construction of article Third of decedent's will, which reads as follows: "I give, devise and bequeath unto my executors hereinafter named a sum sufficient to produce an income of Seventy-five Hundred Dollars ($7500.00) a year, IN TRUST NEVERTHELESS as follows: To invest the same at interest and to pay the income derived therefrom unto my wife Mary Sinclaire, quarterly for and during the term of her natural life in lieu of dower or other

interest in my estate. I do hereby authorize and empower my said executors to maintain for such Trust fund any securities not hereinbefore specifically bequeathed owned by me at the time of my death, including, if in their judgment wise or necessary, my interest in the stock of the Corning Glass Works or other property held by the executors of the Will of my father, Henry P. Sinclaire.''

Decedent died in 1927 and his will was admitted to probate at that time. In 1930, pursuant to a decree of the Surrogate's Court of this county, the trustees under this trust, established a trust corpus of $180,000, which at that time by written decision was held by the Surrogate to be ample to produce an income of $7,500 per annum for the beneficiary as provided by article Third of the said will.

From 1928 through 1947 this income was approximately $7,500 per year. In 1948 it was only $6,206.52. Since 1948 it has been slightly under $5,000 per year.

The petitioner now seeks to take advantage of paragraph (m) of subdivision 1 of section 21 of the Personal Property Law, as recently amended, which permits investment in common stocks of not to exceed 35% of the aggregate market value of all of the property of the fund held by the fiduciary in order to raise the income towards the $7,500 intended for his widow by the testator.

The attorney for the surviving trustee has filed a memorandum neither approving nor opposing the application but requesting '' the Court to make such determination as may be just and equitable under the circumstances.''

It is noted the decedent by his will authorizes the retention by the trustees of any securities held by him, including his interest in the stock of the Corning Glass Works. Although no testimony was taken herein, the attorney for the surviving trustee points out in his brief that the petitioner in the past opposed the holding of such securities in her trust and that if she had not done so she would now be in receipt of an annual income of $50,000 from the same Corning Glass Works stocks he says she forced sale at the time her trust was set.

The court is inclined to view *Matter of Reeb* (198 Misc. 1081) discussed by the surviving trustee's counsel in his brief not as decisive of our precise question but as indicative of the application of paragraph (m) of subdivision 1 of section 21 of the Personal Property Law to similar problems. A direction to retain the trust in interest-bearing securities but limiting reinvestment to legals taken together with the contents of the

entire will was there held as not forbidding the fiduciary from investing pursuant to this section.

Cases decided prior to the adoption of this section involving the phrase " at interest " or similar words limited investments to legals, unless a contrary intention could be spelled out from the context of the rest of the will. These need no citation here.

It could be here argued that in view of such limiting words the testator restrained the trustees to retaining securities owned by him at his death, and specifically Corning Glass Works stock or other property held by the will of executors of testator's father, and because of such phrase " at interest ", the only other investments must be legals.

But the will indicates a far stronger intention; by not limiting the amount of the trust, but by giving his executors an amount undetermined when the will was made sufficient to produce an income of $7,500, testator showed his keen business acumen in realizing that what corpus might be sufficient when the will was made might not be adequate when he died, or in later years when conditions might materially change. His first thought, therefore, must have been to insure adequate support for his widow under the standards when he fixed the yearly income for her at $7,500 per year. He did not count on the possibility of errors of judgment.

And this court feels that the petitioner should not be penalized for any such possible error in judgment which may have been made back in 1930 either by her or anybody connected with the setting up of this trust. It was impossible in 1930 for any person to have foreseen the changes and developments which were to take place either in general inflation or in the continued successful expansion of the Corning Glass Works. If such fixing the corpus at $180,000 was in fact such error of judgment, this court should now go a long ways to rectify it, if possible.

Paragraph (m) of subdivision 1 of section 21 of the Personal Property Law seems to be designed among other purposes to assist situations such as this and make it possible for a *cestui que trust* to combat the inflation of the times without jeopardizing the securities for the remaindermen.

As a matter of equity and justice it is here held, therefore, that this will does not contain any limitation under paragraph (n) of subdivision 1 of section 21 of the Personal Property Law and that petitioner should be entitled to any benefits permitted under the prior paragraph (m) of subdivision 1 of section 21.

Decree accordingly.