John J. Dillon, S.
In this accounting proceeding, the court is asked to determine whether Anne Ward, an adopted child of the decedent’s son, James A. Ward, is entitled to share in the remainder of the residuary trust created by article ‘ ‘ FOURTH ’ ’ of the will.
The will was executed in 1943. By article “fourth” the testatrix left her residuary estate in three separate trusts for the benefit of her three children for life, and provided that ‘ ‘ upon the death of each such child, the corpus of said trust for the benefit of such child shall be distributed in equal shares per stirpes among the lawful issue of such child then surviving ”. The testatrix died in 1947. James A. Ward, one of her sons, was married in 1950. On July 31, 1956 Mr. Ward and his wife adopted the infant, Anne Ward, in the Probate Court of *904 Cuyahoga County, Ohio. The child was then two years of age or less.
Since the interests of the natural grandchildren of the testatrix were in certain probable contingencies incompatible with those of Anne Ward, the court appointed two special guardians. The special guardian for the adopted child has submitted evidence to the following effect:
The daughter of the testatrix had been married some 14 years before the execution of the mother’s will and at the latter date was still childless. On a number of occasions, both before and subsequent to the date of her will, the testatrix had expressed to one of her sons the hope that his sister would adopt a child. For several years prior to her marriage, the daughter had served as a volunteer worker for a well-known adoption agency, and her mother had not only encouraged her in this occupation but had expressed satisfaction with the accomplishments of the agency. There was evidence also that Mrs. Ward had at various times expressed approval of the adoption of children by her friends and acquaintances, and in one case by her own nephew. In conversation with the nephew, after he had completed the adoption of his own child, the testatrix received the child cordially and expressed the belief that childless married couples were missing a great deal if they did not resort to adoption.
The conclusion to be drawn from this evidence is that the testatrix looked with favor upon the adoption of children by couples otherwise childless, and that she not only approved but advocated such steps within her own family circle. The special guardian for Anne Ward asks the court to draw the further conclusion that at the time when the will was made, the testatrix intended that an after-adopted child of her son, James, should be included within the term “ lawful issue ” as used in article 1 ‘ fourth ’ ’ of her will. The argument has been forcefully made by the special guardian, but the court is unable to adopt it.
The claim of the adopted child is barred by section 115 of the Domestic Relations Law. Under that statute a foster child with respect to the foster parents has all the rights of a natural child except that ‘ ‘ the foster child is not deemed the child of the foster parent so as to defeat the rights of remaindermen ” under an instrument providing for limitation over upon the foster parent’s death without heirs. This case comes precisely within the provisions of the statute.
The special guardian for the adopted child relies largely upon Matter of Upjohn (304 N. Y. 366). There it was held that where the adoption antedates the will, and where it appears that the *905 foster child was known to and accepted by the testator and treated by him with the affection and generosity ordinarily shown to a relative by blood, the statute does not discriminate against a child by adoption. The mere statement of the factual basis for the Upjohn decision shows its inapplicability to the present case. In fact the Court of Appeals was careful to point out the distinction between that case and one where the adoption is unknown to the testator. It was expressly said by the court that the purpose of section 115 is to prevent fraud through an adoption for the very purpose of cutting out a remainder, and that the “ danger of fraud arises where the adoption takes place without the testator’s knowledge, especially where it occurs after his death ” (p. 379). The court then cited, with implicit approval, its earlier decision in Matter of Leash (197 N. Y. 193) where the adoption had occurred two years after the testator’s death and the foster child was held barred from taking the remainder of a testamentary trust.
In Matter of Hall (127 N. Y. 8. 2d 445) this court discussed the Upjohn case in some detail and held that a child adopted eight years after the death of the testatrix could not take a trust remainder under the will of the foster parent’s mother. Quite recently the Surrogate’s Court of Nassau County reached the same conclusion in Matter of Smith (14 Misc 2d 205, 207), where the adoption took place 10 years after the testator’s death. In the latter case the special guardian for the adopted child relied upon the fact that the testator’s own son was an adopted child — a circumstance surely as cogent as any of the proof in this case to establish the testator’s favorable attitude toward adopted children — yet the fact was held to be “ of no significance in the construction of this will drawn twelve years before the grandchild in question was adopted.” The court in the Smith case stressed the rule that where a will is drawn by a skilled draftsman the words used must be considered as terms of art, deliberately chosen, and that under many decisions the words ‘ ‘ lawful issue” do not include children by adoption. Here, too, the descriptive term is ‘ ‘ lawful issue”, and here, too, the will was drawn by a skilled draftsman. But in the present case there is further significant evidence. There was undisputed proof that the attorney was employed to draw wills for both the testatrix and her husband. The wills were drawn and forwarded to the husband and remained in his possession for some six months before their execution. During that interval they were discussed many times by the husband of the testatrix and one of her adult sons who had some familiarity with the subject because of his employment in the trust department of *906 a bank. Under these circumstances, the language of the will cannot be supposed to have been chosen by the attorney or adopted by the testatrix thoughtlessly or at random.
It was said in Matter of Hall (supra) that section 115 is not an absolute prohibition. That conclusion seems to follow necessarily from the decision in the Upjohn case, but a ruling in favor of the adopted child in this case would go so far beyond Upjohn as virtually to nullify the statute. Granted that there is no intimation whatever of an improper motive in connection with the present adoption, a ruling favorable to the foster child here would open wide the door in other cases to the kind of abuse which the statute is designed to prevent — an adoption for the very purpose of cutting out a remainder. (Matter of Walter, 270 N. Y. 201, 206; Matter of Horn, 256 N. Y. 294, 297.)
The same special guardian has called attention to a decision of the Supreme Court of California in Matter of Heard (49 Cal. 2d 514), where it was held that a child adopted 11 years after the death of the testatrix by the latter’s son should be deemed to be the “ lawful issue ” of the son for the purpose of taking a trust remainder. It is sufficient to say that the California statute (Probate Code, § 257), which is quoted in full in the opinion, differs from that of New York. It provides without exception that an adopted child succeeds to the estate of the foster parent. There is no contrary provision, as in New York, with respect to an adoption tending to defeat the rights of remaindermen.
The court is conscious of the fact that the adult members of the Ward family have indicated a unanimous sentiment that Anne should be included within the provisions of her foster grandmother’s will, and that by testifying in the child’s favor the brother and sister of James Ward were testifying against their own interests. It may seem unfortunate that in the present case, where the family ties are close and where the children of the testatrix are so clearly anxious to comply with the apparent desire of their parents to treat them with complete equality, a conclusion should be reached which appears to discriminate against one child by excluding her from the substantial benefits which will accrue to the other children under their grandmother’s will. But in this court’s view, the law permits no other conclusion.
A decree may be submitted, to be settled on notice, judicially settling the account as filed, approving the attorneys’ fees requested in Schedule ‘1 C-l ’ ’, and determining the effect of article ‘ ‘ fourth ’ ’ of the will in accordance with this opinion.