Harry Gr. Herman, S.
In this accounting proceeding the court is asked to determine whether Jennifer Lansing and William Lansing, adopted children of Margaret Bianca Dunham Lansing, a grandchild of decedent, are to be considered as 1 ‘ issue ’ ’ of Dows Dunham, a son of the decedent and the father of Margaret *656 Bianca Dunham Lansing, within the intendment of article third of decedent’s will.
The will was executed in 1947. The testatrix died in 1951, and her will was admitted to probate in this court. By paragraph B of article third of her will the testatrix created a trust for the benefit of her daughter, Ethel Dunham Kirlcham, for her life and upon her death devised and bequeathed one third of the remainder: ” to the issue of my son, Dows Dunham, who shall survive my said daughter, their heirs, executors, administrators and assigns, in equal shares per stirpes, however, and not per capita, absolutely and in fee simple. ’ ’
Margaret Bianca Dunham Lansing, a grandaughter of the deceased, duly adopted Jennifer Lansing and William Lansing in the Superior Court of Orange County, Hillsboro, North Carolina, on July 24, 1957, and August 14, 1959, respectively. The adopted children arc not related by blood to the deceased’s son, Dows Dunham. The decedent died in 1951, or six and eight years respectively, before the said infants were adopted.
Since the interests of the several grandchildren and great-grandchildren of the testatrix were in certain contingencies incompatible with those of the adopted children, the court appointed separate special guardians to represent the conflicting interests.
The special guardian for the grandchildren and great grandchildren takes the position that the adopted children cannot be considered as ‘ ‘ issue ’ ’ within the terms of the will and hence, are not entitled to a share of the residuary trust as contingent remaindermen.
The special guardian for the adopted infants takes the position that the background of facts and circumstances existing when the will was made proves that the testatrix did not intend by the use of the word ‘ ‘ issue ’ ’ to exclude children adopted after the execution of the will.
The petitioners, by their attorneys, have submitted a memorandum to aid the court in determining whether said Jennifer Lansing and William Lansing are to be included as “ issue ” of Dows Dunham, but in their capacity as executors, have taken no position with respect to such question.
Despite the language of section 117 (formerly § 115) of the Domestic Eolations Law the courts have hold that the statute is not an absolute bar against a child adopted by a descendant of testator after the execution of the will sharing in a remainder to “ issue ”. (Matter of Ward, 14 Misc 2d 903, revd. 9 A D 2d 950, affd. 9 N Y 2d 722; Matter of Day, 10 A D 2d 220.) In these two important decisions, therefore, a child adopted after the death of *657 testator has been permitted to take a remainder bnt in each of these there were special circumstances involved not present in this proceeding.
Therefore, it appears that section 117 of the Domestic Relations Law will apply and will bar an adopted child from defeating the rights of remaindermen, except in those cases where the intention of the testator, as reflected in the text of the entire instrument or in the background of facts and circumstances existing when the will was made, indicates that an adopted child was intended to be included as 1 ‘ issue ’ ’ and to take under the will.
The executors, one of whom is a son of the testatrix, have not presented any evidence as to decedent’s intention or viewpoint with respect to adoptions, or to establish that the term ‘ ‘ issue ’ ’ was employed otherwise than in accordance Avith its generally accepted sense.
The special guardian for the adopted children, in a very complete report, alleged that the deceased, during her lifetime, had been very active in social Avelfare, charitable and philanthropic organizations involving children and adoptions, and that her philosophy relative to children Avas such as to Avarrant this court in concluding that there Avas no bar as to these two adopted great grandchildren. ITe relies upon Matter of Ward (supra), Matter of Day (supra) and Matter of Upjohn (304 N. Y. 366). But in these three cases, there Avere extraneous facts and evidence that indicated an intention to'include adopted children, or at least Avarranted a determination against exclusion. HoAvevcr in Matter of Ricks (12 A D 2d 395) involving an inter vivos trust, the grantor herself filed an affidavit strongly urging that her intention Avas to include adopted children within the term “ issue ” in the trust indenture. This Avas rejected and the Court of Appeals, in closely decided opinions, affirmed (10 N Y 2d 231).
The term “ issue ” has been defined in many cases and does not ordinarily include an adopted child. In its primary meaning the term “issue” refers to a lineal descendant. (Matter of Price, 4 Misc 2d 1026; Matter of Reeb, 198 Misc. 1081; New York Life Ins. & Trust Co. v. Viele, 161 N. Y. 11; Matter of Baur, 205 Misc. 551.) The words “ issue ” or “ descendants ” are generally construed to include blood relatives — there is, as has been stated, a “biological flavor” in the use of these terms (Matter of Ricks, 12 A D 2d 395, 396, supra).
The dissenting opinion of Judge Fuld in Matter of Ricks (supra) points up the difficulty encountered in determining the controversies involving adopted children. The purpose of the *658 fourth paragraph of section 115 (now § 117) of the Domestic Relations Law was to preclude a dilution or cutting off of the rights of remaindermen by planned adoptions (Matter of Upjohn, 304 N. Y. 366 378 supra). The language of the rest of the section was intended to identify an adopted child completely in all respects as a natural child (Matter of Ricks, 10 N Y 2d 231, 235, supra). The courts have in effect amended this paragraph four by examining the facts in each case and allowing adopted children to share (Matter of Ward, supra; Matter of Day, supra; Matter of Upjohn, supra), despite the legislative directive that an adopted child is not to be “ deemed the child of the foster parents so as to defeat the rights of remainder-men.” An adopted child is therefore a completely natural child except when someone by will or trust exposes his vulnerability and places him without the pale. To obviate repeated applications for construction, as in this instant matter, and in the above-cited cases, the Legislature might consider clarification of the fourth paragraph by specifying that fraud must be first established before an adopted child “ is not deemed the child of the foster parents so as to defeat the rights of the remainderman.” (See Matter of Taintor, 32 Misc 2d 160.)
The court in view of the record, and under Matter of Ricks (supra) accordingly determines that the adopted children, Jennifer Lansing and William Lansing are not issue of Dows Dunham within the terms of decedent’s will.
A decree may be submitted, to be settled on notice, judicially settling the account as filed, approving the attorneys’ fees as requested, determining the effect of article third of the will in accordance with this opinion, and approving the proposed apportionment or allocation of Federal and New York State taxes assessed against and paid out of decedent’s estate as shown in the account.