In the Matter of the Estate of STEVENSON E. WARD, Deceased.

Surrogate's Court, Westchester County, June 20, 1962.

*Bleakley, Platt, Schmidt, Hart & Fritz* for petitioners. *Dillon & O'Brien* for respondents. *Louis A. Barone*, as special guardian. *Francis J. Sisca, Jr.*, as special guardian.

HARRY G. HERMAN, S. In this intermediate trustees' accounting proceeding, the court is asked to determine whether Anne Ward and James Gary Ward, adopted children of the decedent's son James A. Ward, are to be considered " lawful issue " of the testator and remaindermen of the residuary trust created by article FIFTH of the will. The decedent died on June 16, 1950, and his will, dated June 2, 1947, was admitted to probate on June 23, 1950. The above-named infants were adopted by a son of decedent on July 31, 1956 and May 9, 1960, respectively. Of the other two children of the testator, another son, Stevenson E. Ward, Jr., has three children, all infants, and the daughter, Katherine Ward McGuire, was childless. Because of the conflict of interest the court appointed two special guardians — one for the two adopted children and one for the children of Stevenson E. Ward, Jr.

Upon the hearing on this question, the three children and a nephew of the decedent testified that the testator generally approved of adoptions and specifically indicated approval of

certain adoptions which had been consummated by friends and relatives; that he believed that children were necessary for a truly happy marriage and that there had been indications of disappointment that the childless daughter had not adopted a child. This was corroborated by the testimony of a banker friend and confident of the decedent. The testimony of these witnesses was in all essential respects identical with the testimony previously given by them in a proceeding to construe an identical clause in the will of the decedent's wife. On that trial before former Surrogate DILLON, there was a finding that an adopted daughter, Anne, was not included within the provision for the disposition of the remainder among the " issue " of testatrix and did not therefore share in the remainder. That will was dated June 25, 1943, the testatrix had died in 1947, and the will had been probated on May 29, 1947. The son, James, had married in 1950, and as above stated that adoption occurred in 1956. (See *Matter of Ward,* 14 Misc 2d 903.) However, the Appellate Division reversed, one Justice dissenting, finding that the evidence " abundantly establishes that the testatrix intended to benefit a child adopted by her son," (9 A D 2d 950), and the Court of Appeals affirmed the determination of the Appellate Division (9 N Y 2d 722). The Appellate Division found that section 115 [now § 117] of the Domestic Relations Law which provides that " the foster child is not deemed the child of the foster parent so as to defeat the rights of remaindermen " was not applicable, that no fraud was involved, and that section 115 was not an absolute bar and would " not operate to defeat the intention of the testatrix."

The close relationship between the mother, whose intention as to one of the two adopted children involved in the instant proceeding was so definitely established and adjudicated by the appellate courts, and her husband whose will is now before this court for construction, their accord and identity of views relative to adopted children as established by the same witnesses, together with the corroboration by the testimony of the banking friend and confidant in the instant case, leaves no area for distinction between the " intention " of the wife and the " intention " of the husband on the questions presented, and this court must therefore bow to the rule of construction enunciated by the appellate courts in *Matter of Ward (supra).* See, also, *Matter of Day* (10 A D 2d 220) and *Matter of Upjohn,* (304 N. Y. 366) where extrinsic evidence was received in order to define the decedent's intention and to permit children by postwill or postdeath adoptions to share as remaindermen within the meaning of the phrase " lawful issue " and but for which the court would

not now be inclined to construe such phrase as reflecting an intention to include children adopted after the death of testator within the meaning of such phrase " lawful issue." (See *Matter of Leask*, 197 N. Y. 193 and *Matter of Dunham*, 34 Misc 2d 655.)

Settle decree on notice judicially settling the intermediate account as filed and construing the language of article FIFTH of the will in accordance with this opinion.