John D. Bennett, S.
In this accounting proceeding the court has been requested to determine whether an adopted child of a grandchild of the decedent is entitled to share in the remainder of a trust for the benefit of decedent’s daughter, which remainder is distributable to ‘ ‘ issue ’ ’.
The natural daughter of the grandchild now moves to strike portions of the adopted child’s answer and a letter exhibit attached thereto under rule 103 of the Rules of Civil Practice on the ground that they are frivolous, irrelevant and tend to prejudice or delay the fair determination of this proceeding. The adopted child has also orally applied for the issuance of a commission to examine before trial the foster mother in Hawaii with regard to the allegation in his answer. It is agreed that a determination of the motion to strike will also resolve the application for a commission.
The general subject matter of the allegations and exhibit letter referred to concerns circumstances and situations existing at and after the adoption of the child in question and the conditions under which he was adopted. The testator died on January 19,1909, and the adoption took place almost 34 years thereafter, on December 12,1942.
The adopted child argues that he is entitled to plead and demonstrate affirmatively that no element of fraud was attached to the adoption or that it was not planned to defeat the rights of remaindermen. These facts are not relevant in this case.
In the recent case of Matter of Rockefeller (Hubbard) (12 N Y 2d 124, revg. 15 A D 2d 131) and reinstating the order of Special Term (28 Misc 2d 335) the Court of Appeals held that allegations in an answer charging that the adoptions were obtained for the purpose and with the intent of defeating the interests of remaindermen was irrelevant and granted the motion to strike.
Although here there is the converse of the situation in that the adopted child is attempting to bring into the matter circumstances existing at the time of the adoption, the decision of the Court of Appeals in Matter of Rockefeller (supra, p. 134) is nevertheless controlling as evidenced by the following language: ‘ ‘ It matters not whether the foster parent, in adopting a child, was motivated by good or bad intention for, in any event, the mere fact of adoption satisfies the condition of the statute and bars inheritance by the adopted child or children unless an intention to the contrary appear * * *. If, however, the settlor *80 at the time he executed the deed of trust intended to include adopted children as issue entitled to take the remainder, it follows with equal cogency that the adoption motive is of no consequence ; the intent of the settlor conditions the operation of section 117. It is sufficient if it affirmatively appears from the context of the will or trust and the extraneous facts proper to be considered that the grantor intended to include adopted children * * * for they are not required to establish that they specifically were contemplated as objects of affection and bounty by the testator * * * It follows then that the motivation surrounding adoptions has and can have no relevancy in applying section 117.”
The motion to strike is granted and the application for the issuance of a commission is denied. The respondent is directed to file an amended answer within 20 days of the service of an order made hereon.